Basy TOWNLEY, Plaintiff,

v.

**NORFOLK & WESTERN RAILWAY COMPANY and Norfolk and Southern Corporation, Defendants.**

Civ. A. No. 1:87–0581.

United States District Court,
S.D. West Virginia,
Bluefield.

July 27, 1988.

Irving Schwartzman, Savage & Schwartzman, Baltimore, Md., David T. Kennedy, Thornhill, Kennedy & Vaughan, Beckley, W.Va., for plaintiff.

Wade T. Watson, Sanders & Watson, Bluefield, W.Va., for defendants.

MEMORANDUM ORDER

HALLANAN, District Judge.

This matter is before the Court via Defendants' oral motion for a directed verdict at the close of the Plaintiff's case-in-chief. The Plaintiff gave his oral responses. The Court granted said motion on July 12, 1988, at the close of the Plaintiff's evidence.

*Factual Summary*

The Plaintiff sued the Defendants under the Federal Employers' Liability Act ("FELA") for injuries resulting from prolonged exposure to coal dust while working as a yard brakeman for the Defendants from 1948 through 1979. The Plaintiff alleged that he developed pneumoconiosis, or black lung disease, after such exposure, and that the pneumoconiosis left him permanently injured in his respiratory and nervous systems. The Plaintiff claimed that the Defendants had a duty to provide him with a safe workplace, warn him of the dangers of exposure to coal dust and provide him with protective gear. The Plaintiff asked for damages of $500,000.

The Defendants in their Answer denied responsibility for the Plaintiff's injuries, claiming the Plaintiff was contributorily negligent, and subsequently moved for summary judgment. In their motion for summary judgment the Defendants stated that the Plaintiff's claim, if any, was barred by the three year statute of limitations of FELA and cited *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), in support its motion. The Plaintiff in response declared that an issue of material fact existed which precluded summary judgment. The Defendants replied with another memorandum of law. Summary judgment was denied by

this Court's Order of April 13, 1988, on the basis that a genuine issue of material fact existed as to the tolling of the statute of limitations.

The Defendants then moved for a reconsideration of the denial of their motion for summary judgment. Their memorandum in support of reconsideration renewed and amplified their discussion of the facts and the law. The Plaintiff in response denied that *Kubrick* applied to the case at hand, but that *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), applied. Summary judgment was again denied by this Court's Order of June 17, 1988, on the basis of a genuine issue of material fact as to the tolling of the statute of limitations for which the Court wanted to hear the full medical information and other evidence.

A jury trial of the case commenced on July 12, 1988. As aforementioned, the Court directed a verdict in favor of the Defendants on July 12, 1988. The Court found its authority for such action in, *inter alia,* Fed.R.Civ.P. 50(a) and in the application of relevant case law to the evidence presented.

## *Analysis and Opinion*

When the Defendants moved for a directed verdict at the close of the Plaintiff's case the Court heard oral argument on the motion and viewed the evidence in a light most favorable to the Plaintiff against whom the motion was made. *Galloway v. United States,* 319 U.S. 372, 63 S.Ct. 1077, 87 L.Ed. 1458 (1943); *McClure v. Price,* 300 F.2d 538 (4th Cir.1962). In considering the motion for a directed verdict the essential question became the date on which the statute of limitations tolled under FELA for purposes of the filing of a claim by the Plaintiff.

The Defendants contended that the *Kubrick, supra,* standard applied and that therefore the time in which the Plaintiff had had to file suit had run before the institution of suit. *Kubrick* held that when a person possesses sufficient "critical facts that he has been hurt and who has inflicted the injury" the applicable statute of limitations begins to run. *United States v. Kubrick,* 444 U.S. at 122, 100 S.Ct. at 359.

Although *Kubrick* arose under the Federal Tort Claims Act, several circuit courts have applied its standard to actions arising under other statutes, such as FELA. *See, e.g., DuBose v. Kansas City Southern Ry. Co.,* 729 F.2d 1026 (5th Cir.1984) (*Kubrick* is not limited to the FTCA or to medical malpractice cases, but may apply to FELA cases, and represents the court's latest definition of the discovery rule and should apply in federal cases whenever a plaintiff is not aware of and has no opportunity to discover the critical facts of his injury and its cause; *Urie* and *Kubrick* represent a continuum); *Kichline v. Consolidated Rail Corp.,* 800 F.2d 356 (3rd Cir.1986) (holding faithful to *Urie* and *Kubrick* in a FELA case).

The Plaintiff contended that *Kubrick* did not apply to determine the running of the statute of limitations but rather that *Urie* served as the tolling standard under FELA. *Urie* arose under FELA and held that for purposes of application of the three year limitation provision of FELA, in a situation where the effects of an injury accumulate over a period of time rather than in one instance, the statutory period begins to toll when the accumulated effects of the injury manifest themselves. *Urie v. Thompson,* 337 U.S. at 170, 69 S.Ct. at 1024.

Neither the Fourth Circuit nor the United States Supreme Court has decided the applicability of the *Kubrick* standard to actions under FELA. This Court therefore finds itself in the position of determining whether *Kubrick* applies in a FELA case. As aforementioned, the Third and Fifth Circuits have applied *Kubrick* in a FELA action. The United States District Court at Roanoke has also recently applied *Kubrick* in a FELA case. *Watts v. Norfolk & Western Ry. Co.,* —— F.Supp. ——, C.A. No. 86–0519–R and 86–0392–R (W.D.Va. Jan. 6, 1988). Although an unpublished opinion and therefore of no precedential value, this Court is persuaded by the reasoning set forth in the court's opinion. Other district courts have also recently utilized the *Kubrick* standard in FELA cases. *See, e.g.,*

*Campbell v. Consolidated Rail Corp. and Penn Central Corp.*, C.A. No. 87–2312 (E.D.Pa., July 1, 1988) [available on WEST-LAW, 1988 WL 71283]; *Stokes v. Union Pacific Railroad Co.*, 687 F.Supp. 552 (D.Wyo.1988); *Gregory v. Union Pacific Railroad Co.*, 673 F.Supp. 1544 (D.Nev. 1987).

Although this Court recognizes the harshness of the result, this Court believes that the *Kubrick* standard governs the disposition of this matter. The judical trend seems to be to apply *Kubrick* in FELA actions to determine the running of the statute of limitations. *Kubrick* effectuates a policy of encouraging the prompt presentation of claims and adheres to the purposes of the statutes of limitations. As stated in *Kichline*, "The Court in *Kubrick* cautioned that a plaintiff can and must 'protect himself by seeking advice in the medical and legal community'.... and 'must determine within the period of limitations whether to sue or not.'" *Kichline*, 800 F.2d at 359.

In the instant case, having heard and reviewed all of the evidence, this Court is convinced that the Plaintiff possessed sufficient critical facts under the *Kubrick* standard to put him on notice as early as 1980 that he may have had black lung. The Plaintiff's own testimony revealed that he was aware of coal dust at his workplace, that he was aware of his being covered with coal dust and of his coughing up coal dust, and that he was aware of his shortness of breath and of congestion in his lungs. The Plaintiff's wife whom he married in 1979 had had several family members die of black lung and must have been at least vaguely familiar with the symptomatology of black lung. Moreover, in 1980 the Plaintiff had Norfolk and Western's General Claim Agent complete a Railroad Employer Questionnaire in an attempt "to try and help me get my Black Lung Benefits." Letter of Basy T. Townley to G.E. Lewis, General Claim Agent, Norfolk and Western, March 31, 1980.

For these reasons, therefore, the Defendants' motion for a directed verdict was and remains ORDERED GRANTED. Accordingly, it was and remains ADJUDGED that the Defendants are not legally liable to the Plaintiff for the allegations made relevant to this action.