**Basy Thomas TOWNLEY,
Plaintiff–Appellant,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY; Norfolk Southern Corporation, Defendants–Appellees.**

No. 88–2882.

United States Court of Appeals, Fourth Circuit.

Argued March 9, 1989.

Decided Oct. 19, 1989.

Roger John Greezicki (Irving Schwartzman, Savage & Schwartzman, P.A., Baltimore, Md., David T. Kennedy, Thornhill, Kennedy & Vaughan, Beckley, W.Va., on brief), for plaintiff-appellant.

Wade Thomas Watson (Sanders, Watson & White, Bluefield, W.Va., on brief), for defendants-appellees.

Before WIDENER, PHILLIPS, and WILKINS, Circuit Judges.

WIDENER, Circuit Judge:

This case comes to us on appeal from the district court's judgment on a directed verdict in favor of the defendants. The plaintiff-appellant, Basy Townley, sued Norfolk & Western under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, et seq., for injuries resulting from his work as a yard brakeman at the defendants' Bluefield, W.Va., Yard from 1948 to 1979. Townley suffers from pneumoconiosis, more commonly referred to as black lung. The district court found that Townley's claim was barred by the statute of limitations and granted a directed verdict. We agree and affirm.

On appeal, Townley contends that the district court erred in entering a directed verdict after he produced sufficient evidence to create an issue of fact for the jury on the question of the date of accrual of his cause of action. He argues that the district court applied an incorrect legal standard for determining when a cause of action accrues under FELA.

In its opinion the district court correctly recognized that, when considering a motion for a directed verdict, it must view the evidence in the light most favorable to the non-moving party. *Townley v. Norfolk & Western Railway Co.*, 690 F.Supp. 1513 (S.D.W.Va.1988); *Smith Braedon Co. v. Hadid*, 825 F.2d 787, 790 (4th Cir.1987). The court then must determine whether a reasonable trier of fact could draw only one conclusion from the evidence. We also must apply these standards when reviewing a district court's entry of a directed verdict; our review is *de novo*. 825 F.2d at 790.

The district court found that Townley's evidence revealed that he had worked for more than thirty years in coal dust. Townley testified that he worked in and around clouds of coal dust every day, that he often was covered in coal dust and that he breathed the dust into his lungs. Townley also testified that he frequently coughed up coal dust. According to Townley, he suffered from respiratory problems for about ten years before he suffered a heart attack in 1979 and retired on disability. During this ten-year period, Townley said his personal physician treated him for diabetes, heart disease and hypertension, but his doctor never told him he had black lung. Townley further stated that his doctor possessed neither the expertise nor the equipment to make an accurate black lung diagnosis.

Townley further testified that in 1980 he read a newspaper notice encouraging railroad workers to apply for black lung benefits. Based on this notice, Townley began corresponding with G.E. Lewis, a general claims agent for N & W, in an attempt to receive the necessary information to apply for black lung benefits. Townley's first letter to Lewis was dated March 31, 1980, and stated:

Mr. Lewis,

Enclosed you will find forms which need to be completed by you in order to try and help get my Black Lung Benefits. I must return all information to the Dept of Labor within the next month or my claim will be taken off file. I will greatly appreciate your helping me by giving all information you possibly can. I have worked the past 31 years for N & W but had to retire due to shortness of breath which I had for years which lead to heart attacks and other complications. I have congestion of the lungs. After I receive information from you stating the coal dust from coal engines, coal cars etc, I will have to take examination—lungs, breathing, etc. Enclosed is an envelope addressed to me which you can send my forms back to me. I again will say I will appreciate all information you can give me. Please sign and date these forms.

Sincerely,

Basy T. Townley

Townley wrote two more letters to Lewis in an attempt to get the necessary information, which he received on May 13, 1980. Townley did not, however, seek the required physical examination at that time. Despite this evidence, Townley claims that he was not aware that he had black lung until his condition was diagnosed on June 29, 1984.

The record also shows that Townley's wife, Letha Marie Townley, had several relatives, including her father, brother and a former husband, who died of black lung. Mrs. Townley admitted that she was familiar with the symptoms of black lung and that Townley's symptoms were similar to those exhibited by her relatives. She also admitted that she urged her husband in 1979 or 1980 to seek help for his condition and get a black lung examination. In spite of this, she, too, testified that she did not think that her husband had black lung until the condition was diagnosed in 1984.

Based on these facts, the district court held that under the standard established in *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), "the Plaintiff possessed sufficient critical facts ... to put him on notice as early as 1980 that he may have had black lung." *Townley,* 690 F.Supp. at 1515. Thus, the court held that Townley's cause of action accrued in 1980 and that his claim, which was filed on June 1, 1987, was barred by FELA's three-year statute of limitations in 45 U.S.C. § 56.

The *Kubrick* case involved a medical malpractice claim under the Federal Torts Claim Act. The plaintiff in *Kubrick* was a veteran who had received treatment with neomycin, an antibiotic, at a Veterans' Administration hospital in 1969. Approximately six weeks after discharge, the plaintiff noticed a loss of hearing. Later that same year, a doctor advised Kubrick that it was highly possible that the treatment with neomycin had caused his hearing loss. Kubrick applied several times for additional VA benefits due to the hearing loss, but the VA rejected them on the grounds that it could find no evidence of negligence on

the part of the attending physician. In 1972 Kubrick hired an attorney and filed suit alleging that he had been injured by negligent treatment by the VA hospital.

The district court rejected the government's argument that Kubrick's cause of action accrued in 1969 when he learned that his hearing loss was caused by the neomycin treatment. The district court held that Kubrick's cause of action did not accrue until 1971 when a second physician advised him that the neomycin treatment had caused his hearing loss and that the VA hospital had been negligent in his treatment, i.e., the neomycin was negligently administered. *Kubrick,* 444 U.S. at 115–16, 100 S.Ct. at 355–56. The Court of Appeals affirmed.

The Supreme Court, however, agreed with the government that the claim was barred by the FTCA's two-year statute of limitations and reversed. *Id.* at 125, 100 S.Ct. at 360. The Court held that under the FTCA a cause of action accrues when a plaintiff knows both the existence and the cause of his injury and not at a later time when he also learns that the acts inflicting the injury may constitute medical malpractice. *Id.* at 122–23, 100 S.Ct. at 359–60. Thus, Kubrick's cause of action against the VA accrued in 1969 when he learned that the VA's treatment had caused his hearing loss.

Following the lead of two other circuits, see *Dubose v. Kansas City Southern Ry. Co.,* 729 F.2d 1026 (5th Cir.), *cert. denied,* 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984), and *Kichline v. Consolidated Rail Corp.,* 800 F.2d 356 (3rd Cir.1986), the district court held that the rule of *Kubrick* applies to FELA cases as well. *Townley,* 690 F.Supp. at 1515. Townley disagrees; he argues that the issue of when his cause of action accrued is governed by the Supreme Court's decision in *Urie v. Thompson,* 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), and this court's interpretation of *Urie* in *Young v. Clinchfield Railroad Company,* 288 F.2d 499 (4th Cir.1961).

The plaintiff in *Urie* claimed years of working as a fireman on a steam locomo-

tive had left him with silicosis; he brought suit against the railroad under FELA. The Supreme Court held that a cause of action for an occupational disease accrues under FELA only when the symptoms of the disease become apparent to the plaintiff. The Court stated:

> "It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substance manifest themselves...."

*Urie,* 337 U.S. at 170, 69 S.Ct. at 1025. To hold otherwise, the Court reasoned, would defeat the legislative intent behind FELA and force blameless plaintiffs to lose their legal remedy simply because they could not diagnose a hidden affliction within the applicable statute of limitations. *Id.* In *Young,* we interpreted *Urie* to mean that a cause of action under FELA for an occupational disease does not accrue when the injury is inflicted, but rather when the plaintiff becomes, or should have become, aware of his injury.

> ... [T]he cause of action accrues only when the plaintiff has reason to know he has been injured. Generally this will be when his condition is diagnosed, *unless it is shown that the plaintiff 'should have known' at an earlier date that he was injured.*

288 F.2d at 503 (emphasis added).

Based on this language, Townley argues that the statute of limitations on his claim did not begin to run until his black lung was formally diagnosed in 1984. We disagree. Regardless of whether the *Kubrick* test or the *Urie* test is applied to determine when Townley's cause of action accrued, we believe that any reasonable trier of fact could reach only one conclusion—that Townley's cause of action accrued no later than 1980 when he admitted in his letters to N & W that he suspected that he suffered from black lung and that his condition was caused by his work on the railroad.

Both *Kubrick* and *Urie* are examples of the application of the discovery rule. *Dubose,* 729 F.2d at 1030. This is the rule applied in such federal question cases whenever a plaintiff is not aware of and has no reasonable opportunity to discover the critical facts with respect to his injury and its cause. *Id.;* see also *Young,* 288 F.2d at 502–03. In *Young,* this court adopted use of the discovery rule for cases such as Townley's. *Young,* however, does not require a formal diagnosis before a cause of action accrues. The *Young* opinion states that the statute begins to run when a person's condition is diagnosed, "unless it is shown that the plaintiff 'should have known' at an earlier date that he was injured." *Young,* 288 F.2d at 503.

Although Townley claims he was not aware that he suffered from black lung until his condition was diagnosed in 1984, his own testimony reveals that in 1980 his condition had manifested itself to such an extent that he began corresponding with the railroad in an attempt to obtain the necessary information to apply for black lung benefits. Townley may not use the contradictions in his own testimony to create an issue of fact for the jury. *Barwick v. Celotex Corp.,* 736 F.2d 946, 960 (4th Cir.1984). Even if Townley truly did not believe he had black lung in 1980, it is obvious from his actions that he possessed sufficient information that he knew, or should have known, that he had been injured by his work with the railroad.

It follows that, either under the test of *Kubrick* or under the construction of *Urie* in *Young,* the statute of limitations commenced to run in this case at the latest in 1980, and the claimant is barred by the statute of limitations.

The judgment of the district court is, accordingly,

AFFIRMED.