**Arvel R. HARVEY, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**Civ. A. No. 91–0044–R.**

United States District Court, W.D. Virginia, Roanoke Division.

March 5, 1992.

---

Ralph Rabinowitz, Rabinowitz, Rafal, Swartz & Gilbert, Russell Nash Brahm III, Norfolk, Va., for plaintiff.

Daniel Reid Warman, Williams, Worrell, Kelly, Greer & Frank, Norfolk, Va., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

### JURISDICTION

This action arises under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* The court takes jurisdiction pursuant to 28 U.S.C. § 1331.

### BACKGROUND

This matter is presently before the court on the defendant's motion for summary judgment. The defendant, CSX Transportation Inc. ("CSX"), contends that the plaintiff, Arvel R. Harvey ("Harvey"), is barred by the applicable statute of limitations from pursuing his hearing loss claim. The applicable statute of limitations is three years from the accrual of the cause of action. 45 U.S.C. § 56.

### FACTS

The plaintiff is a seventy-seven year old man with substantial hearing loss. Employed by the defendant in 1945, he worked as a fireman and engineer before retiring in 1975. During his thirty years with the railroad, his exposure to noise was substantial. On December 12, 1989, Harvey completed a questionnaire which had been sent to him by the railroad. Part II of this questionnaire addressed the issue of hearing difficulty. The plaintiff answered "yes" to a question asking whether he had such difficulty. To a question inquiring when the difficulty was first noticed, plaintiff responded "impossible." When asked how he first learned of the hearing problem, plaintiff responded: "When I would come out of Big Bend Tunnel which is one mile + ¼ long." At his deposition, the plaintiff admitted that he had noticed "pressure" in his ears when he was exposed to railroad noise. Harvey Dep. 45. He explained that this pressure cleared after a short time away from the noise. On at least one occasion, when a whistle was stuck and blew continuously, plaintiff notified his supervisor of a problem that he was having with his hearing as a result of the noise. Harvey Dep. 20. Plaintiff filed his complaint in this case on August 3, 1990.

### DISCUSSION

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Proc. 56(c). For the purpose of deciding the motion for summary judgment, the facts will be considered in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

CSX contends that it is entitled to judgment as a matter of law because the plaintiff failed to bring his case within three years after the accrual of the cause of

action. The defendant correctly states that a cause of action accrues under FELA when a plaintiff knows, or should know, of both the existence and cause of his injury. *Urie v. Thompson*, 337 U.S. 163, 169–170, 69 S.Ct. 1018, 1024–1025, 93 L.Ed. 1282 (1945). The Fourth Circuit adopted this standard without any significant modification in *Young v. Clinchfield Ry. Co.*, 288 F.2d 499 (1961), and recently reaffirmed its adherence to the standard in *Townley v. Norfolk & Western Ry. Co.*, 887 F.2d 498 (1989).

The plaintiff contends that the present suit is one for damages resulting from permanent hearing loss. He is careful to distinguish such permanent loss from the maladies to which he refers in deposition testimony and the railroad's questionnaire. This distinction supports his ultimate contention in opposition to the motion for summary judgment—that while his discovery responses may suggest that he knew of some damage to his hearing prior to August 3, 1987, they do not support a finding that he knew of any *permanent* hearing loss prior to that date.

The court believes that the distinction that the plaintiff draws between permanent hearing loss and some more ephemeral form of hearing loss is too fine. Such a distinction would allow a plaintiff to avoid the legally imposed consequences of a failure to act in a timely manner based upon his own view of how permanent an injury might be. The purpose of the statute of limitations would be defeated under such a rule.

When examined in the light most favorable to the plaintiff, the deposition testimony and the questionnaire responses permit only one conclusion. They provide strong evidence that Harvey knew of his hearing loss and its relationship to his exposure to railroad noise sometime prior to his retirement in 1975—well before August 3, 1987. In light of the responses which Harvey provided to the questionnaire and to questions posed at his deposition, his contention

in his affidavit that he first knew of his hearing loss in 1988 is not plausible [1]. Even if it were, the evidence shows that he should have known of the injury and its cause prior to August 3, 1987. This being the case, he would be time-barred regardless of his actual knowledge.

No issue of material fact remains in dispute, and the evidence shows that the plaintiff brought the present suit more than three years after he either knew or should have known that he suffered from noise-induced hearing loss. The defendant is therefore entitled to the summary judgment which it seeks.

An appropriate order shall be entered this day.

---

**1.** The court notes that this affidavit does not create a dispute as to a material fact in the case, as the plaintiff may not create such a dispute through contradictions in his own testimony. *Barwick v. Celotex*, 736 F.2d 946, 960 (4th Cir. 1984).