993 F.2d 1539
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert S. SELSOR, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, a corporation, Defendant-Appellee.
 No. 92-1980.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 3, 1993
Decided: June 8, 1993
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Daniel E. Klein, Jr., Magistrate Judge. (CA-91-400-B)
 Argued: Paul J. Passanante, Gray & Ritter, P.C., St. Louis, Missouri, for Appellant.
 Stephen Bennett Caplis, Whiteford, Taylor & Preston, Baltimore, Maryland, for Appellee.
 On Brief: H. Russell Smouse, Lisa A. Lett, Whiteford, Taylor & Preston, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER and LUTTIG, Circuit Judges, and MICHAEL, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Robert S. Selsor appeals from an order of a United States Magistrate Judge directing a verdict for appellee, CSX Transportation, Inc., in Selsor's action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. The magistrate-judge held that Selsor's claim was time barred. We affirm.
 
 I.
 
 2
 Since 1977, Selsor has worked for CSX or its predecessors as a railroad trackman and carman. Between 1977 and 1979, Selsor began experiencing ringing in his ears for several hours after work, on an almost daily basis. J.A. at 67. He sought no medical or legal advice, however, and the ringing has continued. Id. at 30-32, 68-69, 76. In July 1986, Selsor underwent a physical examination that revealed, inter alia, a left-sided, high-frequency hearing loss. Id. at 41-42, 7779. Selsor signed the report from that examination, although he states that he does not recall seeing that particular notation. Id. On February 12, 1991, Selsor filed this Federal Employers' Liability Act ("FELA") action against CSX, alleging that he had suffered a job-related hearing loss. Id. at 3, 7-9. The case proceeded to trial before a federal magistrate-judge who, at the close of Selsor's case, granted CSX's motion for judgment as a matter of law. Id. at 156-58. The magistratejudge concluded that Selsor's own testimony showed that he had not filed his FELA claim within the three-year statute of limitations. Id.
 
 II.
 
 3
 Selsor's FELA suit is barred "unless commenced within three years from the day the cause of action accrued." 45 U.S.C. § 56. A FELA cause of action accrues when the plaintiff knows or should know of his injury. See Townley v. Norfolk & Western Ry. Co., 887 F.2d 498, 501 (4th Cir. 1989). The magistrate-judge held that Selsor knew or should have known of his injury earlier than February 12, 1988, and we agree. Selsor's own testimony established that he has experienced ringing in his ears for hours at a time, on an almost daily basis, for more than a decade. J.A. at 67-69. He also acknowledged that he was not subject to any other significant noise at the time and that he personally attributed the ringing to his work for the railroad. Id. at 67. Selsor sought neither medical nor legal advice, and made no attempt to buy hearing protection, in response to this continuous ringing. Id. at 26, 31, 68. When a doctor finally examined Selsor in July 1986, the examination report indicated a left-sided, high-frequency hearing loss. Id. at 41-42, 77-79. Selsor acknowledges signing that report, although he claims never to have noticed the hearing-loss portion. Id. Based upon this evidence, we conclude that Selsor should have known of his injury no later than July 1986, when he signed the physician's report identifying a hearing loss, and perhaps as early as 1977, when he began experiencing ringing in his ears on a consistent basis. See Bealer v. Missouri Pac. R.R., 951 F.2d 38, 40 (5th Cir. 1991) (temporary hearing loss and ringing in ears constituted constructive notice of work-related injury to FELA claimant); Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092, 1097 (7th Cir. 1990) (temporary work-related ringing in ears constituted constructive notice of injury for FELA purposes).*
 
 CONCLUSION
 
 4
 For the reasons stated herein, we affirm the judgment of the magistrate-judge.
 
 AFFIRMED
 
 
 *
 We reject Selsor's suggestion that his cause of action did not accrue "until about the time that his hearing was tested in 1990." Appellant's Br. at 22. Not only is medical confirmation of the injury not required, see Townley, 887 F.2d at 501, but a doctor reported a hearing loss four years earlier, in July 1986