23 F.3d 401
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Arvel R. HARVEY, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INCORPORATED, formerly known as The
Chesapeake & Ohio Railway Company, Defendant-Appellee.
 No. 92-1355.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 15, 1992.
Decided May 5, 1994.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, District Judge. (CA-91-44-R)
 Ralph Rabinowitz, Rabinowitz, Rafal, Swartz, Taliaferro & Gilbert, P.C., Norfolk, Va; Russell N. Brahm, III, Norfolk, VA, for appellant.
 Daniel R. Warman, Christopher R. Papile, Williams, Kelly & Greer, P.C., Norfolk, VA, for appellee.
 W.D.Va.
 REVERSED AND REMANDED.
 Before WIDENER and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Arvel Harvey, a former fireman and engineer for CSX, appeals from a district court order granting CSX's motion for summary judgment in an action brought by Harvey under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. Secs. 51-60 (1981 & West Supp.1992) for damages allegedly sustained to Harvey's hearing as a result of exposure to loud noises at work. The district court found Harvey's action barred by the applicable statute of limitations, which, in FELA actions, is three years from the time the cause of action accrued. 45 U.S.C. Sec. 56 (1981). See Harvey v. CSX Transp., Inc., 794 F.Supp. 182 (W.D.Va.1992). On appeal, Harvey contends that the district court erred by finding that a trier of fact could have reasonably concluded only that his cause of action accrued more than three years before he filed suit on August 3, 1990. Having reviewed the district court's grant of summary judgment de novo, see Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931 (4th Cir.1991), we agree with Harvey and reverse and remand for consideration of the merits.
 
 
 2
 The record discloses that throughout his thirty-year career with CSX which ended in 1975, he made daily, six-hour round trips between Hinton, West Virginia and Clifton Forge, Virginia. This trip contained some fifteen tunnels measuring up to one and one-quarter mile in length. Harvey testified to experiencing a diminution in hearing as he went through these tunnels, but said that these problems would clear once he got out into the air again.
 
 
 3
 Other than a single incident in the 1960's when a whistle was stuck for the entirety of his daily trip, Harvey never reported any difficulties with his hearing to company personnel at any time in his career. His annual physical examination by the company doctor never revealed any hearing difficulties, and Harvey testified that he did not notice any himself until around December 1988. Harvey alleged that even when he did notice a problem, he did not attribute it to his past exposure to noise at work, but to advancing age.
 
 
 4
 Harvey completed a questionnaire relating to his hearing problems for CSX in December 1989.* The questionnaire asked when Harvey first became aware of hearing difficulties, to which Harvey referenced his trips through the tunnels. When asked why he believed his hearing loss might be attributable to his railroad employment, Harvey referenced his thirty years of exposure to noisy engines, bells, and whistles, particularly when going through tunnels.
 
 
 5
 CSX sent Harvey to a physician in January 1990 who, according to Harvey, told him he had hearing loss but did not tell him its cause. After the company offered Harvey a settlement in March 1990, Harvey retained counsel, who sent him to an audiologist, Dr. Berrett, in June 1990. Dr. Berrett diagnosed a 54.7% binaural hearing impairment which he attributed primarily to noise exposure, but partly to aging.
 
 
 6
 The district court rejected Harvey's contention that, while his responses to the questionnaire indicated that he knew that loud noises at work could temporarily impair his hearing, he did not realize at the time that his noise exposure could result in a permanent disability. The court stated that
 
 
 7
 the distinction ... between permanent hearing loss and some more ephemeral form of hearing loss is too fine. Such a distinction would allow a plaintiff to avoid the legally imposed consequences of a failure to act in a timely manner based upon his own view of how permanent an injury might be.
 
 
 8
 The court further determined that even if Harvey did not actually know of his hearing loss until 1988 as he claimed, his claim was nonetheless time barred because the evidence established that he should have known of both his injury and its cause prior to August 3, 1987.
 
 
 9
 The district court correctly stated that a cause of action accrues under FELA when a plaintiff knows, or should know, of both the existence and cause of his injury. See Urie v. Thompson, 337 U.S. 163 (1949). In discussing this "federal discovery rule," the Court stated that a cause of action accrues in latent disease cases "only when the accumulated effects of the deleterious substance manifest themselves ..." Urie, 337 U.S. at 170. In Townley v. Norfolk & W. Ry. Co., 887 F.2d 498 (4th Cir.1989), we stated this rule as whether "it is obvious from [claimant's] actions that he possessed sufficient information that he knew, or should have known, that he had been injured by his work with the railroad." 887 F.2d at 501. The burden is on claimant to allege and prove this element of the cause of action. Emmons v. Southern Pac. Transp. Co., 701 F.2d 1112, 1118 (5th Cir.1983).
 
 
 10
 Harvey argues that the effects of his noise exposure did not become apparent until long after his retirement, that the minor problems he experienced due to noise at work were insufficient to inform him that noise exposure could ultimately be disabling, and, in any event, that it would have been futile for him to have filed an action prior to his retirement, as the district court suggested he should have done, since he did not have a compensable disability at that time.
 
 
 11
 We agree with Harvey that the Fifth Circuit's decision in Smith v. States Marine Intern., Inc., 864 F.2d 410 (5th Cir.1989), is pertinent. In Smith, the plaintiff admitted to occasionally experiencing temporary hearing loss at work, but said that his hearing would return to normal several hours after getting off of work. He noticed permanent hearing loss in the mid-1970's, when he was in his early fifties, but attributed it to advancing age. His hearing became so poor by 1982 that he retired. He did not seek medical attention until May 1986, when a doctor told him his hearing loss was caused by noise exposure. He brought suit in February 1987, but the district court granted summary judgment to defendant based on its finding that plaintiff either knew of should have known that his hearing loss was caused by his exposure to noise, in light of his admissions that he experienced temporary hearing difficulties at work.
 
 
 12
 The Fifth Circuit reversed, noting initially that on summary judgment the plaintiff's account that he did not actually know the cause of his injury until a doctor told him in 1986 had to be credited. The court further found no basis for the inference that Smith should have known that his hearing loss was work-related, in light of medical evidence showing that noise-induced hearing loss is a slow, progressive process, and that many patients with this condition do not attribute their hearing loss to noise exposure. Id. at 412-413. The court concluded that a trier of fact could reasonably find that Smith did not know of the correlation between his hearing loss and loud noise, and that he reasonably thought it was due to aging. Accordingly, it found summary judgment to be inappropriate. Id. at 413.
 
 
 13
 Here, as in Smith, the claimant produced a personal affidavit and supporting medical evidence. Harvey's affidavit stated that he was not aware of his hearing loss until 1988 and was not aware that the hearing loss was attributable to his work on the railroad (which terminated in 1975) until Dr. Berrett told him in 1990. Moreover, Dr. Berrett's deposition, submitted in opposition to the motion for summary judgment, states that often people have damaged hearing but do not report a disabling problem until another factor, such as aging, makes it difficult for them to assimilate normal sounds and conversation. Harvey was seventy-five years old when he alleges he discovered his hearing loss. Finally, we note that the record shows that the railroad's own doctors, who conducted annual physicals on Harvey during his thirty-year employment, never detected or reported any hearing loss.
 
 
 14
 While we recognize that there need not be a formal diagnosis before the limitations period commences, see Townley, 887 F.2d at 501, we think this evidence is sufficient to create a dispute of material fact. Crediting Harvey's affidavit, as we must, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986), we find that there is a dispute as to when Harvey knew, or should have known, that he had suffered his hearing loss from his railroad work. See Smith, 864 F.2d at 412-13 (jury might credit claimant's testimony that he thought his hearing loss was caused simply by the aging process).
 
 
 15
 We reject CSX's reliance on Harvey's answers to the questionnaire. Those answers reflect only that Harvey was aware that his hearing may have been impaired during and immediately after exposure to loud noise, but do not establish that he knew or should have known that he suffered permanent hearing loss. Likewise, we reject the cases offered by CSX. In each of the numerous cases cited by CSX, it was clear that the plaintiffs actually knew of their permanent hearing loss or other physical impairments more than three years prior to bringing suit and possessed specific information regarding the relationship of their impairments and their employment.
 
 
 16
 Accordingly, we agree with the Smith court and reject the notion that a claimant's awareness of temporary hearing difficulties at work triggers the limitations period. Therefore, the district court's order granting summary judgment to CSX is reversed. This case is remanded for consideration of the merits consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process. Accordingly, Harvey's request for oral argument was denied.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 *
 CSX alleged that it sent Harvey the questionnaire in response to his claim for hearing loss, while Harvey maintained that the questionnaire was unsolicited