70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gerald J. CAPUTO, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INC., Defendant-Appellee.
 No. 94-4023.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1995.
 
 Before: MERRITT, Chief Circuit Judge; KENNEDY, Circuit Judge; and JOINER, Senior District Judge*
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff Gerald J. Caputo appeals the District Court's grant of summary judgment for the defendant, CSX Transportation, in a claim for hearing loss under the Federal Employers' Liability Act, 45 U.S.C. Secs. 51-60. Because the court finds that the District Court erred in granting summary judgment to the defendant, the judgment below is reversed.
 
 
 2
 Actions under FELA, to be timely, must be brought within "three years from the day the cause of action accrued." 45 U.S.C. Sec. 56. In determining when a cause of action accrues for injuries which are not the result of an accident, courts apply the "discovery rule." Urie v. Thompson, 337 U.S. 163 (1949), was a suit by a plaintiff who had contracted silicosis from repeated inhalation of silica while working for a railroad. In the context of occupational diseases the Court eschewed a "mechanical analysis of the 'accrual' of petitioner's injury." Id. at 169. The Court stated:
 
 
 3
 It follows that no specific date of contact with the substance can be charged with being the date of injury, inasmuch as the injurious consequences of the exposure are the product of a period of time rather than a point of time; consequently the afflicted employee can be held to be 'injured' only when the accumulated effects of the deleterious substances manifest themselves.
 
 
 4
 Id. at 170.
 
 
 5
 In Townley v. Norfolk & W. Ry. Co., 887 F.2d 498 (4th Cir.1989), the Fourth Circuit stated that the question is whether "it is obvious from [claimant's] actions that he possessed sufficient information that he knew, or should have known, that he had been injured by his work with the railroad." Id. at 501. In Fries v. Chicago & Northwestern Transp. Co., 909 F.2d 1092 (7th Cir.1990), a case cited frequently by both the plaintiff and the defendant, the Court formulated the rule this way:
 
 
 6
 a cause of action accrues for statute of limitations purposes when a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause. Both components require an objective inquiry into when the plaintiff knew or should have known, in the exercise of reasonable diligence, the essential facts of injury and cause.
 
 
 7
 Id. at 1094 (citations omitted).
 
 
 8
 Caputo worked for CSX Transportation for 33 years. On August 12, 1993, he sued CSX under the Federal Employers' Liability Act, 45 U.S.C. Secs. 51-60. He alleged that he had sustained irreparable hearing loss due to exposure to excessively high noise levels in locomotives and equipment. Mr. Caputo was given hearing tests by CSX sponsored doctors in 1980, 1982, 1985 and 1990.
 
 
 9
 In the "hearing history" section of the plaintiff's 1985 hearing test records, he did not claim any hearing difficulty or ringing in the ears. J.A. at 62. All hearing tests were performed at the direction of the defendant, and the plaintiff was never informed of any of the results of the tests. J.A. at 89.
 
 
 10
 The plaintiff was told at his 1985 hearing exam that his hearing was "within a normal range." J.A. at 48, 89. The plaintiff "never consulted with any professional regarding hearing loss because [he] was not aware of any such problems." J.A. at 89. In addition, the plaintiff also testified in his affidavit that he was not aware that he was experiencing any symptoms of hearing loss until the time period preceding 1990. J.A. at 89.
 
 
 11
 The plaintiff's expert, Dr. Thunder, testified in his affidavit that in his experience evaluating occupational and other gradual onset hearing losses, "individuals who suffer a gradual onset hearing loss, frequently do not recognize or perceive that hearing loss." J.A. at 94. The defendant's expert, Dr. Greenberg, asserted that based on the Caputo's hearing tests, the plaintiff either knew or should have known that he was losing his hearing on or before November 13, 1985. J.A. at 47-49.
 
 
 12
 These three items of evidence taken together--the plaintiff's testimony, his expert Dr. Thunder's testimony, and the fact that the plaintiff was told in 1985 that his hearing test results were normal--create a material dispute of fact as to when the plaintiff's loss of hearing manifested itself. The District Court erred in granting summary judgment on this issue.
 
 
 13
 Therefore, the judgment of the District Court is REVERSED and the case is remanded for further proceedings.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation