**CIRCUIT COURT OF THE CITY OF RICHMOND**

Douglas Ray Donnahoo

v.

Norfolk Southern Railway Co.

January 30, 1996

Case No. LA-2450-4

BY JUDGE RANDALL G. JOHNSON

Plaintiff, a nonresident of Virginia, brings this action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, the Federal Safety Appliance Act, 45 U.S.C. §§ 1-16, and the Federal Boiler Inspection Act, 45 U.S.C. § 23. It is plaintiff's claim that while working for the defendant railroad in South Carolina, he was exposed to "asbestos dust and/or fibers and/or silica dust and/or coal dust," and that such exposure has resulted in his contracting "occupational pneumoconiosis including but not limited to asbestosis, silicosis and/or coal workers lung disease." The case is presently before the court on defendant's objection to venue and motion to dismiss or, alternatively, for a change of venue. At issue is whether Va. Code § 8.01-265(i), which generally gives the court discretion to dismiss an action, for good cause shown, brought by a person who is not a resident of the Commonwealth if the cause of action arose outside of the Commonwealth, applies to plaintiff's cause of action here. When the identical issue was presented in another case still pending in this court, *Williams v. Norfolk Southern Railway Co.*, Civil Action No. LA-1984-4 (filed August 4, 1995), the court held that § 8.01-265(i) did not apply and denied defendant's motion to dismiss. The court now concludes that its previous ruling was erroneous and that the subject statute does apply.

So far as is pertinent here, Va. Code § 8.01-265 provides:

> [T]he court wherein an action is commenced may, upon motion
> by any defendant and for good cause shown, (i) dismiss an ac-
> tion brought by a person who is not a resident of the Common-

wealth without prejudice under such conditions as the court deems appropriate if the cause of action arose outside of the Commonwealth and if the court determines that a more convenient forum which has jurisdiction over all parties is available in a jurisdiction other than the Commonwealth or (ii) transfer the action to any fair and convenient forum having jurisdiction within the Commonwealth. Such conditions as the court deems appropriate shall include, but not be limited to, a requirement that the defendant agree not to assert the statute of limitations as a defense if the action is brought in a more convenient forum within a time specified by the court. The court, on motion of a plaintiff and for good cause shown, may retain the action for trial . . . .

The provisions of (i) of this section shall not apply to causes of action which accrue under § 8.01-249(4).

Section 8.01-249(4) provides:

§ 8.01-249. *When cause of action shall be deemed to accrue in certain personal actions.* — The cause of action in the actions herein listed shall be deemed to accrue as follows . . . .

4. In actions for injury to the person resulting from exposure to asbestos or products containing asbestos, when a diagnosis of asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician. However, no such action may be brought more than two years after the death of such person.

In making its previous ruling, the court determined that the subject plaintiff's cause of action "accrued" under § 8.01-249(4); i.e., that the plaintiff sought to recover for an injury set out in that section. Thus, § 8.01-265(i) did not apply and the action was retained in this court. As already stated, that decision was wrong.

The word "accrue" means "to come into existence as a legally enforceable claim." Webster's Ninth New Collegiate Dictionary 50 (1983). A cause of action "accrues" when a suit may be maintained thereon. Black's Law Dictionary 19 (5th ed. 1979). Plaintiff's cause of action did not accrue under § 8.01-249(4).

As noted earlier, plaintiff's motion for judgment is filed under three federal statutes, one of which is the Federal Employers' Liability Act, 42 U.S.C. §§ 51-60. In *Townley v. Norfolk & Western Railway Co.*, 887 F.2d

498 (4th Cir. 1989), the court held that a railroad worker's cause of action for an occupational disease such as asbestosis accrues when the worker knows or should know that he or she has contracted the disease. Specifically, the court said:

> Townley argues that the statute of limitations on his claim did not begin to run until his black lung was formally diagnosed in 1984. We disagree. Regardless of whether the *Kubrick* test or the *Urie* test is applied to determine when Townley's cause of action accrued, we believe that any reasonable trier of fact could reach only one conclusion — that Townley's cause of action accrued no later than 1980 when he admitted in his letters to N. & W. that he suspected that he suffered from black lung and that his condition was caused by his work on the railroad.

887 F.2d at 501. The cases cited by the court are *United States v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979), and *Urie v. Thompson*, 337 U.S. 163, 69 S. Ct. 1018, 93 L. Ed. 1282 (1949).

Then, discussing *Young v. Clinchfield Railroad Co.*, 288 F.2d 499 (4th Cir. 1961), in which the court held that the statute of limitations begins to run when the plaintiff's condition is diagnosed, "unless it is shown that the plaintiff 'should have known' at an earlier date that he was injured," 887 F.2d at 501 (*citing Young*, 288 F.2d at 503), the court concluded: "*Young* . . . does not require a formal diagnosis before a cause of action accrues." 887 F.2d at 501.

As the present defendant correctly points out, the above holding is inconsistent with the accrual standard for asbestos-related injuries set out in Va. Code § 8.01-249(4). While the federal standard is one of discovery of the injury by plaintiff, including, in *Townley*, plaintiff's own reasonable suspicions, the state standard is limited to *communication* of a diagnosis to the plaintiff or his or her agent *by a physician*. And since plaintiff's claim is brought under federal law, this court must apply the federal standard. *See, e.g., Monessen Southwestern Railway Co. v. Morgan*, 486 U.S. 330, 335, 108 S. Ct. 1837, 100 L. Ed. 2d 349 (1988); *Norfolk Southern Railroad Co. v. Ferebee*, 238 U.S. 269, 273, 35 S. Ct. 781, 59 L. Ed. 1303 (1915). Accordingly, plaintiff's cause of action did not accrue under Va. Code § 8.01-249(4), and § 8.01-265(i) does apply to this action.

Having determined that § 8.01-265(i) applies, the court must now decide whether good cause exists for the action to be dismissed, transferred to another Virginia court, or retained in Richmond for trial. That decision

is not difficult. Plaintiff's entire career with the defendant railroad has been in South Carolina. His cause of action arose there. All of the witnesses involved in the case, with the exception of one physician chosen by plaintiff's counsel, are located there. All, or almost all, of the relevant documents are there. At most, Richmond's connection with plaintiff's case is purely technical, *see Norfolk and Western Railway Co. v. Williams*, 239 Va. 390, 395-96, 389 S.E.2d 714 (1990), and it would cause substantial inconvenience for defendant and its witnesses to try the case here. The case will be dismissed.

Mr. Setliff is directed to prepare an appropriate sketch of an order dismissing this case, but which includes appropriate safeguards, including an agreement by defendant not to assert the statute of limitations as a defense if plaintiff files suit in South Carolina or some other appropriate forum within twenty-one days of this court's order of dismissal. *See* § 8.01-265.