**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ANN H. RYAN,
Plaintiff-Appellant,

v.

No. 95-1869

TOGO D. WEST, JR., Secretary of the
Army,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-94-881-A)

Submitted: October 8, 1996

Decided: October 22, 1996

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John E. Corcoran, Jr., Alexandria, Virginia; Joe Leibowitz, Fairfax,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Rachel C. Ballow, Assistant United States Attorney, Alexandria, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ann H. Ryan brought suit against her employer, the United States Army, alleging that she was not promoted and that she was retaliated against because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e-16 (West 1994 & Supp. 1996). At Ryan's trial, the district court granted the Army's motion for judgment as a matter of law under Fed. R. Civ. P. 50(a), after Ryan presented her evidence. On appeal, she contends that the district court erred by granting the Army's Rule 50(a) motion and by sustaining the Army's objections to admission of certain evidence under Fed. R. Evid. 403. For the reasons that follow, we affirm.

We review a district court's grant of a Rule 50(a) motion de novo. Malone v. Microdyne Corp., 26 F.3d 471, 475 (4th Cir. 1994). A district court may grant a motion for judgment as a matter of law if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue . . . ." Fed. R. Civ. P. 50(a). To grant the motion, the district court must examine the evidence in the light most favorable to the nonmoving party and determine "whether a reasonable trier of fact could draw only one conclusion from the evidence." Townley v. Norfolk & W. Ry., 887 F.2d 498, 499 (4th Cir. 1989). On review of a Rule 50(a) motion, we do not weigh the evidence or judge the credibility of the witnesses. Trimed, Inc. v. Sherwood Medical Co., 977 F.2d 885, 888 (4th Cir. 1992).

To prove a prima facie case of discriminatory refusal to promote under Title VII's proof scheme as set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), a plaintiff must establish that (1) she is a member of a protected group; (2) she applied for the position in question; (3) she was qualified for the position; and (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Carter v. Ball, 33 F.3d 450, 458

2

(4th Cir. 1994) (citing <u>McNairn v. Sullivan</u>, 929 F.2d 974, 977 (4th Cir. 1991)).

In her complaint, Ryan contended that her job position was not upgraded to a higher salary grade because of her sex. At trial, however, Ryan failed to show that her position was not upgraded because of her sex. The record revealed that Ryan worked as a budget analyst in the intelligence component of the Army in Seoul, Korea. As part of the Army's effort to attract and retain intelligence officers, certain intelligence positions were upgraded to higher salary grades. Notwithstanding her immediate supervisor's efforts on her behalf, Ryan's position was not upgraded because it was not considered an intelligence position, <u>e.g.</u> involving the collection or analysis of intelligence data. Like the nonprofessional secretary positions, which received no increase, the budget analyst position was considered a support function and not included in the salary enhancement plan. Ryan presented no evidence that the Army's criteria for its program of pay upgrades was based upon considerations of gender or that Ryan's position was not increased because she was a woman.

Ryan also alleged that she was retaliated against after she complained of discrimination. To establish a prima facie Title VII claim of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) her employer took adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action. <u>Carter</u>, 33 F.3d at 460. Ryan's only evidence of retaliation was her own testimony that her supervisor acted differently toward her after she filed a complaint. This does not constitute an adverse employment action. <u>See Hetzel v. County of Prince William</u>, 89 F.3d 169, 171 (4th Cir. 1996) (citing <u>Huang v. Board of Governors of Univ. of North Carolina</u>, 902 F.2d 1134, 1140 (4th Cir. 1990)). Indeed, at the time of trial she was still employed by the Army.* We therefore find, as did the district court, that even viewing the evidence in the light most favorable to the nonmovant, Ryan failed to make a prima facie showing of discrimination or retaliation, <u>Carter</u>, 33 F.3d at 458-60, and thus the district court correctly granted

_____

*Ryan's request to have her position upgraded was denied prior to her discrimination complaint.

3

the Army's motion for judgment as a matter of law. See Townley, 887 F.2d at 499.

Ryan also asserts on appeal that the district court erred by failing to permit certain statistical evidence, evidence of a hostile work environment, and evidence of another employee who received a pay increase. Evidence is admissible only if it is relevant. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A district court may exclude evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading . . . ." Fed. R. Evid. 403. We review the district court's evidentiary rulings for abuse of discretion. United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994). A district court's Rule 403 decision will not be overturned except under "the most extraordinary of circumstances, where that discretion has been plainly abused." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (citations and internal quotation omitted).

The district court refused to permit Ryan to introduce into evidence two brochures entitled "United States Forces[,] Korea[,] Eighth United States Army[,] Annual Affirmative Action Program[,] Accomplishment Report" for fiscal years 1991 and 1992. The reports contained generalized conclusions about the Army's affirmative action efforts but did not delineate by military unit, location, or workforce description. Accordingly, because Ryan failed to link the reports with her claims or present expert testimony analyzing the reports, the court sustained the Army's objection that the reports lacked relevance. We do not find the trial court abused its discretion by sustaining the objections to the reports. See Williams v. Cerberonics, Inc., 871 F.2d 452, 455 n.1 (4th Cir. 1989) (holding that without expert testimony the probative value of statistical evidence is outweighed by the possibility it would confuse or mislead the jury).

The district court allowed Ryan to testify that the atmosphere for females was "pretty rough" with "a lot of dumb blond[e] jokes." The court, however, sustained the Army's objections when counsel attempted to elicit testimony about specific behavior by particular

4

individuals as Ryan did not allege a hostile work environment in her complaint. We do not find the court abused its discretion in concluding that such testimony was not relevant to whether Ryan's position was upgraded, under Rule 402, or that in any event its probative value was substantially outweighed by the danger of unfair prejudice under Rule 403. Simpson, 910 F.2d at 157.

Finally, we do not find the district court abused its discretion by sustaining the Army's objection, under Rule 403 relevance grounds, to information of a higher level position in Hawaii. The record reveals that after the court told Ryan's counsel that he needed to show that the Hawaii position has "some comparability" to Ryan's "situation," counsel addressed another topic and abandoned his attempts to provide a foundation for admission. Accordingly, we find no reversible error in the district court's evidentiary rulings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5