# KEVIN DAVIS ET AL. v. WILBERT MUSE

[No. 511, September Term, 1981.]

*Decided March 3, 1982.*

The cause was argued before MOORE, WILNER and █COUCH, JJ.

*Robert C. Verderaime,* with whom were *Verderaime & DuBois, P.A.* on the brief, for appellants.

*Charles F. Morgan,* with whom was *Maurice Braverman* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

Two Baltimore City police officers challenge on this appeal a jury award of $10,000 damages against them in an action for assault and battery and malicious prosecution arising out of their arrest of appellee early on a summer morning in 1976, after a birthday party.[1] We find reversible error in the trial court's refusal to include malice in its instructions on assault and battery.

---

1. The jury found in favor of a third police officer involved in the arrest but the appellee has taken no cross-appeal from that judgment.

## I

Appellants, William Countess and Kevin Davis, defendants below, responded to a call to investigate an altercation at a private home in the City of Baltimore on August 10, 1976, between 4:00 and 5:00 a.m. They arrived almost simultaneously but in separate police vehicles and they were in uniform. The call for the police had been initiated by the daughter of Mrs. Nouvella Sellers at whose home there had been a birthday party which had commenced at about 5:00 o'clock the night before. At the time of the call the party had thinned out and there remained only Mrs. Sellers, an individual named Edith Mackall and the plaintiff-appellee, Wilbert Muse. During the period from the onset of the party until the early morning hours of the next day, appellee said he had consumed a pint of whisky and three beers. An altercation which occurred between appellee and the two older women had terminated by the time the police arrived, but the daughter of Mrs. Sellers requested the officers to order Mackall and Muse away from the premises.

The testimony with respect to what then transpired is conflicting. According to the appellee, there had been a "tussle" at the Sellers home but he had left the house and was crossing the street when he was addressed by Officer Countess as a "son of a bitch." He also testified that he was struck on the side of the head and was sprayed with mace. It is uncontradicted that he was hospitalized for eight days, and received treatment principally for mace burns.

The officers' version of the incident was that Muse, after leaving the immediate vicinity of the Sellers home, began to retrace his steps and was warned not to do so. He began using obscenities and, with his hand in his coat pocket, threatened Officer Countess' life. The latter then arrested him and attempted to place handcuffs on him. Mr. Muse resisted by pushing the officer and they both fell to the ground. Officer Countess used his mace in an attempt to control the appellee and then made use of his night stick on appellee's wrist, shoulder and arm. With the aid of a third police officer who had been called as a "back-up," appellee

was subdued and taken from the scene to a police station in a patrol wagon.

The declaration filed on behalf of appellee alleged in count one that the conduct of the police officers constituted an assault and battery and that it was "wilful, malicious, vicious and violent." In a second count it was alleged that they "falsely, maliciously and without probable cause" swore and signed a statement of charges against him, and that after a trial he was acquitted and discharged.

The officers interposed three special pleas and a general issue plea. The special pleas were that the officers "were qualifiedly privileged in that they were performing their duty as police officers of Baltimore City," that they acted with legal justification, without malice and with probable cause, and also that they acted in self-defense.

At the trial below, the case was not submitted on issues and the jury returned a verdict of $10,000 against the two appellants. No punitive damages were awarded, although prayed. The police officers have mounted a seven-pronged assault on the proceedings in the lower court, including a contention that there is no cause of action in Maryland against a police officer for malicious prosecution. While we address that issue briefly, and reject it, we find dispositive appellants' contention that the trial court committed reversible error in refusing to instruct that malice must be shown before a police officer may be held liable for assault and battery.

II

The court instructed the jury twice on the subject of assault and battery. In its original instructions, the judge stated in part that a police officer is liable "if he inflicts physical injury by using more force than necessary to make the arrest." When counsel approached the bench at the conclusion of the instructions, it became manifest that the court had deliberately excluded malice as a necessary element in assault and battery:

(The Court): "He wanted to know if I said that malice was a necessary element in the assault and battery that [*sic*] I said exactly the opposite.

"*I did not include malice in the assault and battery.* Do you have any other exceptions?" (Emphasis added.)

(Mr. Braverman (plaintiff's counsel)): "No." [2]

Counsel for the police officers then excepted to the charge for the reason, *inter alia,* that a police officer "is not responsible for his negligence or carelessness unless he acted with malice and that malice would apply to any act of a police officer in the performance of his duties which are defined as discretionary acts."

Later on, in response to a written request from the jury for a "definition of the formal charges [*sic*] against the defendants," the court defined and illustrated assault and battery and continued, in part:

"Now, — but in connection therewith I will have to give you the other instruction concerning this particular act as it applies to these defendants. Police Officers have the legal authority to use whatever force is necessary and reasonable under the circumstances to make a lawful arrest. The mere fact that there was an altercation between the plaintiff and the police officers or even that the plaintiff suffered injury as a result of the altercation is not proof that the officers acted beyond their authority for the police had a legal duty to use such force as was reasonably necessary to effect a lawful arrest and to protect the officer from harm at the hands of the plaintiff.

---

**2.** It appears from this exchange that counsel for the plaintiff-appellee would have excepted to an instruction on malice. As noted, *infra,* appellee concedes on appeal that malice *is* an essential element but argues that the instructions, considered as a whole, satisfied this requirement.

"A police officer has the duty to use such force as may reasonably be necessary in the enforcement of law. The police officer is liable if he inflicts physical injury by using more force than necessary to make the arrest. In order to effect an arrest a police officer must acquire and exercise control of the person they are arresting. The usual manner of doing this is by a manual touching or seizure of his body without undue force. Manual touching or seizure without undue force would not constitute an assault and battery. That is if it was done to effect 'an arrest' then it would not constitute an assault and battery, if it is done without any undue force or unnecessary."

The court below seems not to have taken into account that in Maryland governmental immunity is extended to acts of public officials when performed in a discretionary capacity, and without malice, and that policemen are "public officials." *Bradshaw v. Prince George's County,* 284 Md. 294, 396 A.2d 255 (1979); *Robinson v. Board of County Commissioners,* 262 Md. 342, 278 A.2d 71 (1971); *Duncan v. Koustenis,* 260 Md. 98, 271 A.2d 547 (1970). As Judge McWilliams stated for the Court of Appeals in *Robinson,* when policemen "are within the scope of their law enforcement function they are clearly acting in a discretionary capacity. (Citation omitted.) But, as Judge Barnes suggested, we have the added qualification that when acting in a discretionary capacity public officials, to enjoy immunity, must act without malice. *Duncan, supra,* 260 Md. at 104" (other citations omitted).

To the same effect, *see Macy v. Heverin,* 44 Md. App. 358, 408 A.2d 1067 (1979); *Karangelen v. Snyder,* 40 Md. App. 393, 391 A.2d 474 (1978); and *Arrington v. Moore,* 31 Md. App. 448, 358 A.2d 909 (1976).

In a very recent decision of the Court of Appeals, *James v. Prince George's County,* 288 Md. 315, 322, 418 A.2d 1173, 1177 (1980), Judge Digges, speaking for the Court, explained that the grant of immunity to a governmental

representative is dependent upon the simultaneous existence of two factors: 1) that the individual be a "public official" and not merely an employee or agent of the government; and 2) the tortious conduct must have occurred while he was performing discretionary, as opposed to ministerial, acts in furtherance of his official duties. *Id.* at 323. Once these elements have been established, a qualified immunity attaches, namely, *"in the absence of malice,* the individual involved is free from liability." *Id.* at 323-324. (Emphasis added.)

These well-established principles of Maryland law were not imparted to the jury in the lower court's instructions.

Although appellee recognizes the viability of Maryland doctrine with respect to governmental immunity, he contends that the charge to the jury, considered as a whole, "encompassed the proper meaning of 'malice' in the context of this case, without actually using the word 'malice.'" We must reject this contention. Concededly, a trial court's instructions must be considered as a whole in deciding on appeal whether the jury was properly and adequately charged. *Schwier v. Gray,* 277 Md. 631, 357 A.2d 100 (1976). However, appellee's reliance upon the decision of this Court in *Prince George's County v. Blumberg,* 44 Md. App. 79, 105-6, 407 A.2d 1151 (1979), *rev'd and aff'd in part,* 288 Md. 275, 418 A.2d 1155 (1980), is misplaced. Writing for this Court in *Blumberg,* Judge Wilner concluded that the lower court, sitting without a jury, had clearly found malice on the part of a public official even though that word was not employed by the trial judge in his oral opinion.

We fail to see how this Court's conclusion in *Blumberg* affords any sustenance to appellee in this case. We are here concerned not with a substantive finding of the trier of fact but with the content of instructions to the triers of fact. The absence of the word "malice" in this case, and an appropriate explication of the term in the context of this case, was fatal.[3]

---

**3.** As Judge Wilner pointed out in *Blumberg,* 44 Md. App. at 106-7, malice can be defined in many ways, and there are 77 pages in Words and Phrases on the subject. With respect to public officials, however, he stated:

As we have previously indicated, the case was not submitted to the jury on issues and, indeed, the jury was instructed without objection that the cause of action was based upon one continuous occurrence out of which the claims of assault and battery and malicious prosecution arose. In the face of the jury's general verdict — and only a general verdict was possible under the circumstances — we reverse and remand for a new trial.

## III

With respect to the malicious prosecution count, the lower court properly rejected appellants' contention that there can be no cause of action against a police officer for malicious prosecution. Here, appellants seek support for their position in the social policy enunciated in *White v. Towers,* 37 Cal.2d 727, 235 P.2d 209 (1951), which held that the public welfare requires that the choice of a law enforcement officer to institute proceedings must be free of all fear of personal liability. That policy was noted by the Court of Appeals of Maryland in *Brewer v. Mele,* 267 Md. 437, 298 A.2d 156 (1972), and the Court, speaking through Moylan, J., specially assigned, quoted extensively from the opinion. *Id.* at 446, n.9. The Court of Appeals did not, however, embrace that social policy but suggested, without deciding, that the inference of malice which may permissibly be drawn from the absence of probable cause to initiate criminal proceedings should be inapplicable to a law enforcement officer, "whose occupational routine is that of bringing offenders to justice."

In our view, the social policy of Maryland is reflected in the continuing refusal of the Court of Appeals "to enlist in

---

"Mere errors of judgment, whether occasioned by negligence or otherwise, are not actionable. But when that act, ordinarily discretionary and therefore protected, is done knowingly and deliberately, for an improper motive, and without legal justification, it becomes more than an error in judgment. It becomes malicious."

We observe that, in its instruction on malicious prosecution in the instant appeal, the court stated that: "To prove malice, there must be an appropriate showing of ill will, improper motivation or evil purpose." *See also,* Arrington v. Moore, 31 Md. App. 448, 462-4, 358 A.2d 909 (1976).

the crusade against sovereign immunity and to join the ranks of those courts already marching under the pennons of the law professors," *Robinson v. Board of County Commissioners,* 262 Md. 342, 278 A.2d 71 (1971); and while the Court of Appeals has not been called upon to decide "that quality of malice or the means of its proof necessary to forestall governmental immunity," *Brewer v. Mele* at 445, we deem it entirely predictable that the Court would not permit the mere inference of malice to be applied to a police officer on the basis of absence of probable cause. *Id.* at 446. In this respect, we note that the lower court in this case included the following in its instruction on malicious prosecution:

> "The word 'maliciously' as used in these instructions means the intentional doing of a wrongful act to the injury of the plaintiff, the act having been done with an evil or unlawful motive or purpose.
> "To prove malice there must be an affirmative showing of ill will, improper motivation or evil purpose."

We consider that instruction entirely appropriate. Indeed, as previously stated, the same instruction should have been given with respect to assault and battery.

> *Judgment reversed; case remanded for a new trial; appellee to pay the costs.*