**Peter E. LADNIER**

v.

**Fred Eugene MURRAY, Jr., et al.**

**Civ. No. Y–82–1420.**

United States District Court,
D. Maryland.

Sept. 27, 1983.

David H. Martin, Washington, D.C., and Arthur G. House, Bethesda, Md., for plaintiff.

George L. Huber, Jr., William J. Kobokovich, Jr., Baltimore, Md., and John J. O'Neill, Jr., Rockville, Md., for defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff Peter Ladnier brought this federal civil rights and state tort suit against defendants Fred Murray, a Greenbelt, Maryland police officer; William Lane, Greenbelt's police chief; and the City of Greenbelt. Plaintiff alleges that on August 14, 1981 at approximately 4:30 a.m. while riding his motorcycle, he was struck from behind by a police car driven by Murray. Plaintiff further alleges that while he was lying in the roadway after the collision, he was repeatedly kicked by Murray and then handcuffed with excessive force and shoved into Murray's police car. Defendants deny that they committed any wrongful acts and further contend that any injuries sustained by plaintiff resulted from his own misconduct.

A jury trial was commenced on July 18, 1983. The case was submitted to the jury on July 25, 1983. The jury was given a special verdict form which required them to answer as many as seventeen questions. The jury gave the following answers to the special verdict questions:

1. Murray's negligence caused the collision between his police car and plaintiff's motorcycle.

2. Plaintiff's negligence was a contributing cause of the collision.

3. Murray applied physical force to plaintiff that was so disproportionate to the need presented as to be shocking to the conscience and that such force caused injuries to the plaintiff.

4. City of Greenbelt was not reckless or indifferent in its training, supervision and control of Murray.

5. Lane was reckless or indifferent in his training, supervision and control of Murray, but that his recklessness or indifference was not a contributing cause of the injuries sustained by the plaintiff.

6. Murray assaulted plaintiff which caused plaintiff to sustain injuries.

7. Murray did not commit a battery on plaintiff.

8. Murray's use of force or threatened use of force on plaintiff was not reasonably necessary to preserve the peace, maintain order or overcome resistance to his authority.

9. Murray's use of force or threatened use of force on plaintiff was not inspired by an evil purpose or malicious intent.

10. $15,000 was necessary to compensate plaintiff for the injuries he sustained as a result of the events subsequent to the collision.

11. Punitive damages in the amount of $50,000 should be assessed against Officer Murray for his use of force or threatened use of force against plaintiff.

Based on the jury's answers to the special verdict questions, the Court will enter judgment as follows:

1. In favor of Murray and against plaintiff on the negligence claim arising out of the motorcycle-police car collision.

2. In favor of plaintiff and against Murray in his individual capacity on the § 1983 claim for unjustified use of force in the amount of $15,000 compensatory damages and $50,000 punitive damages.

3. In favor of the City of Greenbelt, Lane in his official capacity and Murray in his official capacity and against plaintiff on the § 1983 claims for reckless or indifferent training of Murray.

4. In favor of Murray and against plaintiff on the assault and battery claims.

Each of these decisions will be discussed in turn.

## NEGLIGENCE CLAIM AGAINST MURRAY

■ The jury's finding that plaintiff's own negligence was a contributing cause of the collision between the motorcycle and police precludes plaintiff from recovering for any injuries he may have suffered as a result of the collision. The Maryland Court of Appeals recently reaffirmed the Maryland common law rule that contributory negligence is an absolute bar to recovery in a negligence case. *Harrison v. Montgomery County Board of Education*, 295 Md. 442, 456 A.2d 894 (1983).

## § 1983 CLAIM AGAINST MURRAY IN HIS INDIVIDUAL CAPACITY

■ The jury found that Murray applied physical force to plaintiff that was so disproportionate to the need presented as to be shocking to the conscience and that such force caused injuries to plaintiff. The jury further found that Murray did not commit a battery on plaintiff and that Murray's use of force or threatened use of force was not inspired by an evil purpose or malicious intent. Although the Court acknowledges that these findings are not entirely consistent, application of the governing law to these findings requires an entry of judgment in favor of plaintiff and against Murray in his individual capacity on the § 1983 claim of unjustified use of force.

■ Murray argues that the jury's finding that he did not act with an evil purpose or malicious intent immunizes him from liability for damages under § 1983. In support of this position, Murray relies on *Hughes v. Blankenship*, 672 F.2d 403 (4th Cir.1982). The court in *Hughes* cited *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975) for the proposition that under the defense of qualified immunity a police officer is immune from damages in § 1983 cases unless he:

knew or reasonably should have known that the action he took within the sphere of official responsibility would violate the constitutional rights of the ... [individuals] affected, *or* if he took the action with the malicious intention to cause a deprivation of constitutional rights or other injury. [emphasis added].

Thus, Murray, focusing on the words "malicious intention" used by the Supreme Court in *Wood*, argues that the jury's finding that his actions were not inspired by an evil purpose or malicious intent requires an entry of judgment in his favor on the § 1983 claim against him. This argument is plainly without merit. First, under *Wood* qualified immunity is applicable to a governmental officer who acted without malice *only* if he did not know or should not have reasonably known that his actions violated the constitutional rights of others. *Juncker v. Tinney*, 549 F.Supp. 574, 580 (D.Md.1982). Implicit in the jury's finding that Murray's use of force was shocking to the conscience is the further finding that Murray knew or at least should have known that his actions violated the constitutional rights of the plaintiff. *See Hall v. Tawney*, 621 F.2d 607 (4th Cir.1980) (Due Process Clause affords persons "the right to be free of state intrusions into realms of personal privacy and bodily security through means so brutal, demeaning, and harmful is literally to shock the conscience"). Second, the quality of malice referred to in *Wood* is not "actual malice" which requires evil purpose but rather recklessness or deliberate indifference to the rights of others which is often referred to as "legal malice." *Hughes*, 672 F.2d at 406; *see also Smith v. Wade*, —— U.S. ——, 103 S.Ct. 1625, 75 L.Ed.2d 632, (1983) (punitive damages can be awarded in a § 1983 on a showing of recklessness or indifference). While the jury found that Murray acted without actual malice, the jury's assessment of punitive damages against Murray after being instructed that they could do so only if they found that Murray acted with reckless disregard or indifference to plaintiff's rights reveals that the jury found that Murray acted with legal malice. Third, the aspect of the defense of qualified immunity that involves the issue of whether or not a governmental officer acted with malice was

abandoned by the Supreme Court in *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). In short, three reasons, each one of them sufficient alone, require that the Court reject Murray's argument that the jury's finding that he acted without actual malice immunizes him from. § 1983 liability.

 Three other arguments that Murray might have made but did not should be briefly addressed. The first argument is that the jury's finding that Murray did not commit a battery *ipso facto* precludes liability under § 1983 for unjustified use of force. Some support for this argument may be found in *Hall, supra; King v. Blankenship,* 636 F.2d 70 (4th Cir.1980); and *Johnson v. Glick,* 481 F.2d 1028 (2d Cir.1973). These three cases indicate that § 1983 liability for unjustified use of force is narrower than liability for common law assault and battery. None of these cases, however, hold that the finding that a defendant committed a common law battery is essential to hold the defendant liable under § 1983 for unjustified use of force. Indeed, in *King* the Fourth Circuit made clear that the issue of § 1983 liability is to be determined wholly apart from state common law. The court stated:

> The key phrases "unjustified striking, etc." and "without just cause" in our statement of the rule must be read with reference to the Eighth and Fourteenth Amendments and not to state tort law even though an excessive use of force under § 1983 most probably will also give rise to a cause of action under state tort law.

Accordingly, the Court holds that the jury's finding that Murray did not commit a battery on plaintiff does not require entry of judgment in favor of Murray.

 Another argument that might have been advanced by Murray is that an essential element of the § 1983 claim of unjustified use of force is that the defendant acted with actual malice and therefore the jury's finding that Murray acted without actual malice precludes holding him liable under § 1983. Some support for this argument may also be found in *Hall, King* and *Johnson.* Those cases indicate that in determining whether a defendant used excessive force so as to violate the Due Process Clause, one of the factors to be considered is whether "the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *King,* 636 F.2d at 73, *quoting Johnson,* 481 F.2d at 1033. Significantly, however, none of the three cases holds that actual malice is an essential element of § 1983 liability. *See Schiller v. Strangis,* 540 F.Supp. 605, 612–19 (D.Mass. 1982) (reading *Johnson* and its progeny as establishing a vague standard which, although certain factors should be looked to, does not contain any essential elements). Moreover, the Fourth Circuit in *Jenkins v. Averett,* 424 F.2d 1228 (4th Cir.1970), a case cited with approval in *Hall,* expressly held that "reckless use of excessive force" violated the Constitution. Accordingly, the Court holds that actual malice is not an essential element of a § 1983 claim for unjustified use of force. *Cf. Smith v. Wade, supra* (§ 1983 liability lies for a prison guard's reckless or indifferent conduct in the face of an attack on an inmate).

 The third argument that might have been raised by Murray is that in defending against a § 1983 claim for unjustified use of force he is permitted to assert the state law defense of immunity for all non-malicious conduct. As noted *infra,* under the Maryland defense of immunity for all non-malicious conduct, Maryland governmental officials cannot be held liable for state torts except where they acted with actual malice. Thus, if Murray is permitted to assert the Maryland immunity defense to the § 1983 claim against him, he would not be liable under § 1983 in view of the jury's finding that he acted without actual malice. Although some courts have permitted defendants to assert state law defenses to § 1983 claims, *see, e.g., Hunter v. Clardy,* 558 F.2d 290 (5th Cir.1977) (defendant may assert state law defense of probable cause to a § 1983 claim based on an alleged false arrest); *Wiley v. Memphis Police Depart-*

*ment,* 548 F.2d 1247 (6th Cir.1977) (defendant may assert state statute authorizing use of deadly force as a defense to a § 1983 excessive force claim), state immunity defenses may not be asserted to § 1983 claims. *Martinez v. California,* 444 U.S. 277, 284, 100 S.Ct. 553, 558, 62 L.Ed.2d 481 (1980). In *Hampton v. Chicago,* 484 F.2d 602, 607 (7th Cir.1973), which is quoted with approval in *Martinez,* the court stated:

> The district court erroneously relied on the Illinois Tort Immunity Act. Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 or § 1985(3) cannot be immunized by state law. A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise.

In conclusion, the jury's finding that Murray used physical force so disproportionate to the need presented as to be shocking to the conscience is sufficient to hold Murray liable under § 1983 in his individual capacity. *Hall, supra; King, supra.* As discussed above, the jury's findings that Murray did not act with actual malice and did not commit a battery on plaintiff do not require a different result. Moreover, the jury's finding that Murray did not act with actual malice does not require vacating the jury's assessment of punitive damages against Murray. *Smith v. Wade, supra.*

## § 1983 CLAIMS AGAINST CITY OF GREENBELT, LANE IN HIS OFFICIAL CAPACITY AND MURRAY IN HIS OFFICIAL CAPACITY

 The jury's finding that the City of Greenbelt was not reckless or indifferent in its training, supervision and control of Officer Murray requires that judgment be entered in favor of the City of Greenbelt on the § 1983 claim against it. Similarly, the jury's finding that Lane's reckless or indifferent training, supervision and control of Murray was not a contributing cause of any injuries sustained by plaintiff requires that judgment be entered in favor of Lane on the § 1983 claim against him. Lastly, since Murray can only be held liable in his official

capacity if there was some basis for holding the City of Greenbelt liable, *Hughes,* 672 F.2d at 406, the jury's findings as to the City of Greenbelt and Lane require that judgment be entered in favor of Murray in his official capacity.

## ASSAULT AND BATTERY CLAIMS AGAINST MURRAY

 The jury's finding that Murray did not commit a battery against plaintiff requires that judgment be entered in favor of Murray on the battery claim. Although the jury found that Murray did assault plaintiff and that the assault caused injuries to plaintiff, judgment will be entered in favor of Murray on the assault claim because of the jury's finding that Murray acted without actual malice. Under Maryland law police officers are immunized from liability unless they acted with malice. *Cox v. Prince George's County,* 296 Md. 162, 460 A.2d 1038, 1041 (Md.1983); *Bradshaw v. Prince George's County,* 284 Md. 294, 303, 396 A.2d 255 (1979). This common law defense was recently codified at Md.Code Art. 23A, § 1B(a). Unfortunately, the immunity statute does not indicate the quality of malice that must be found in order to defeat the immunity. Moreover, the Maryland Court of Appeals has never expressly stated what quality of malice defeated the privilege. In *Brewer v. Mele,* 267 Md. 437, 445–46, 298 A.2d 156 (1972), the Court of Appeals, while expressly refusing to decide the issue, strongly hinted that the immunity defense could be overcome only by actual malice. Based on *Brewer,* two panels of the Special Court of Appeals have held that the immunity defense is defeated only by proof of actual malice. *Davis v. Muse,* 51 Md. App. 93, 101, 441 A.2d 1089 (1982); *Arrington v. Moore,* 31 Md.App. 448, 462–64, 358 A.2d 909 (1976). The Supreme Court has stated on several occasions that, absent a decision of the highest court of a state, a federal court, in applying state law, should follow the decisions of the intermediate appellate court of the state unless the federal court is convinced by persuasive data that the highest court of the state would decide

otherwise. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *West v. A.T. & T. Co.,* 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940). Accordingly, since the Court is unaware of any information that would indicate that the Maryland Court of Appeals will construe the word "malice" in the immunity statute as anything other than "actual malice," the Court is obligated to follow the holdings of *Davis* and *Arrington* that the immunity afforded to governmental officers under Maryland law is defeated only upon proof of actual malice.

## ATTORNEYS' FEES

 Plaintiff has moved for an award of attorneys' fees pursuant to 42 U.S.C. § 1988. As the prevailing party, plaintiff is entitled to an award of fees. Utilizing the standards set forth in *Anderson v. Morris,* 658 F.2d 246, 249 (4th Cir. 1981) and *Barber v. Kimbrell's, Inc.,* 577 F.2d 216 (4th Cir.1978), the Court finds that plaintiff is entitled to an award of $6,605. In his motion plaintiff indicates that David Martin spent 85 hours and Arthur House spent 132.1 hours on this case. The Court will limit the award of fees only to the 132.1 hours worked by House. The Court finds that the quality of the pre-trial submissions by plaintiff—especially the complaint, amended complaint and opposition to defendants' motion to dismiss—were of decidedly inferior quality and only served to make a difficult case much more difficult. Indeed, the Court noted in its Opinion dated April 26, 1983, that "plaintiff . . . has considerably clouded the issue by . . . asserting additional claims based upon as yet undisclosed portions of Maryland law. Plaintiff's division of the amended complaint into two indecipherable 'counts' further confuses matters." While plaintiff's motion indicates that Martin's regular billing rate is $100 per hour and House's regular billing rate was $85 per hour prior to January 1, 1983 and $95 per hour thereafter, the Court finds that the rate of $50 per hour more accurately reflects the legal skills displayed and the customary fee for similar work. Accordingly, the Court, by multiplying 132.1 hours by $50 per hour, arrives at the amount of $6,605.

For the reasons stated herein, it is this 27th day of September, 1983, by the United States District Court for the District of Maryland, ORDERED:

That judgment be entered accordingly.