Ernest TINCH, Jr.

v.

UNITED STATES of America, et al.

No. CIV.A. DKC 2001–1104.

United States District Court,
D. Maryland.

March 11, 2002.

Leonard Lamax Long, Jr., Washington, DC, for plaintiff.

Roann Nichols, Office of U.S. Atty., Baltimore, MD, for defendant.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this case alleging violation of constitutional rights, state law civil rights claims, and tortious conduct is the motion of Defendants United States of America ("United States") and the officers in their official

capacities to dismiss under Fed.R.Civ.P. 12(b)(1) and (6) or, in the alternative, for summary judgment.[1] The issues have been fully briefed and no hearing is deemed necessary. Local Rule 105.6. For reasons that follow, Defendants' motion will be granted.

## I. Background

The following facts are uncontroverted or, unless otherwise noted, alleged by Plaintiff. On May 10, 2000, Tinch was employed by Thrifty Car Rental Company ("Thrifty"), which operates a rental location at Andrews Air Force Base ("Andrews"). On that date, Tinch was instructed to deliver a Ford Mustang to the Thrifty location at Andrews. Tinch regularly visited Andrews as a Thrifty employee and was issued a vendor base pass by Andrews so he could accomplish his tasks. When Tinch arrived at Andrews, he displayed his pass and was permitted to enter the base. After the vehicle Tinch was driving passed through the gate, the gate guard ordered Tinch to stop, and Tinch did so immediately.

Tinch was detained at gunpoint, handcuffed and arrested.[2] He states that during this period the officers were loud, combative, and used profane language. Tinch was charged with criminal trespass, failure to display current vehicle registration and receiving stolen property within maritime and territorial jurisdiction. The charges against Tinch were subsequently dismissed. Although no discovery has been conducted, Tinch concedes in his opposition to Defendants' motion that the car he was driving had been reported stolen in the National Crime Information Center ("NCIC") database. Paper No. 17.

Tinch filed a complaint on April 13, 2001, against the United States, the Secretary of the Air Force, Andrews Air Force Base, and Unidentified Military Police Officers, alleging Negligence, Assault and Battery, Battery, Malicious Prosecution and False Imprisonment, Intentional Infliction of Emotional Distress, 42 U.S.C. § 1983 violations, and Violation of Maryland Declaration of Rights, Articles 24 and 26 by the U.S. Air Force. The United States was served on May 2, 2001. The United States filed a motion to dismiss or, in the alternative, for summary judgment and Tinch filed an opposition to this motion. Tinch substituted the names of the unidentified officers in the complaint, naming Senior Airman Shane R. Keenan, Sergeant Christopher Anglin, Sergeant Christopher Hall, and Staff Sergeant Kurt Bernhardt as Defendants. On December 20, 2001, the United States accepted service on behalf of the named officers in their official capacity.

## II. Standard of Review

Defendants filed a motion to dismiss, in part, pursuant to FED.R.CIV.P. 12(b)(1) and (6), or, in the alternative, for summary judgment. Under Rule 12(b)(6), of course, the court does not consider matters outside the pleadings, unless the motion can properly be considered one for summary judgment. Summary judgment may only be granted after the nonmoving party has had "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Plaintiff has filed an affidavit under FED.R.CIV.P. 56(f) opposing summary

---

1. Plaintiff requested summonses for Keenan, Anglin, Hall, and Bernhardt in their individual capacities on February 25, 2002. The officers, in their individual capacities, have not yet been served.

2. Defendants dispute Plaintiff's assertion that he was arrested.

judgment on the grounds that information necessary for his opposition is unavailable or more discovery is necessary.[3] It is not enough for Plaintiff merely to lament the need for more discovery. " '[A] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit.' " *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir.1995), *quoting Hayes v. North State Law Enforcement Officers Ass'n*, 10 F.3d 207, 215 (4th Cir. 1993) (internal quotations omitted). Plaintiff is required to, "... focus our attention on an affidavit presented to the district court that particularly specifies legitimate needs for further discovery." *Nguyen*, 44 F.3d at 242. In his affidavit, Plaintiff makes only generalized statements about his "arrest" and points to no facts that could support his claim in light of his admission that he was driving a car that had been reported stolen in the NCIC database. Plaintiff fails to point to specific discovery needs and, though the court proceeds with due caution when considering a motion for summary judgment before discovery is completed, Plaintiff's request for more discovery is denied. Accordingly, the court will analyze some of his claims under the standard for summary judgment.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S.

317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir.1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir.1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed.R.Civ.P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element ... necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

In *Celotex*, the Supreme Court stated:

In cases like the instant one, where the nonmoving party will bear the burden of

---

**3.** Fed.R.Civ.P. 56(f) states: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the non-moving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. However, " 'a mere scintilla of evidence is not enough to create a fact issue.' " *Barwick v. Celotex Corp.*, 736 F.2d 946, 958–59 (4th Cir.1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C.1966), *aff'd*, 388 F.2d 987 (4th Cir.1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted).

## III. Analysis

### A. The Federal Tort Claims Act

The complaint alleges the following torts: Negligence, Assault and Battery, Battery, Malicious Prosecution and False Imprisonment, and Intentional Infliction of Emotional Distress. Tinch alleges that the United States is liable for the actions of its agents, as "[t]he defendant is an agency of the United States government, namely, the United States Air Force acting through its employees." Paper No. 1, ¶ 4. Tinch asserts that he was negligently detained at gunpoint and arrested, that he was assaulted by police officers when they pointed their weapons at his head and

back, that the officers committed battery through their harmful and offensive touchings during the arrest, and that the charges against the plaintiff were made without probable cause resulting in malicious prosecution and false imprisonment.

■■■ The United States, and its officers, are presumed to be immune to suit, unless they have expressly waived their immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Insurance Corp. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554, 108 S.Ct. 1965, 100 L.Ed.2d 549 (1988); *Federal Housing Administration v. Burr*, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724 (1940)). The United States and its officers are liable under the Federal Tort Claims Act ("FTCA") only to the limited extent that the United States has waived sovereign immunity. *See* 28 U.S.C. §§ 1346(b), 2674. *See also Rich v. United States*, 158 F.Supp.2d 619, 628 (D.Md. 2001). The FTCA provides a limited waiver of sovereign immunity for claims against the United States for "acts or omissions of ... law enforcement officers of the United States Government, ... arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." 28 U.S.C. § 2680(h) (1974). As sovereign immunity has not been waived under the FTCA, § 2680(h), for the torts of negligence or intentional infliction of emotional distress, those claims must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

■■■ Plaintiff's remaining tort claims, for which sovereign immunity is waived, are governed by the law of Maryland, where the alleged tortious acts occurred. *See* 28 U.S.C. §§ 1346(b); 2674. Under

Maryland law, "a law enforcement officer is not liable for assault and battery or other tortious conduct performed during the course of his official duties unless he acted with actual malice toward the plaintiff, i.e. with 'ill will, improper motivation or evil purpose.'" *Goehring v. United States*, 870 F.Supp. 106, 108 (D.Md.1994) (citing *Davis v. Muse*, 51 Md.App. 93, 441 A.2d 1089, 1093 (1982)). *See also Thomas v. City of Annapolis*, 113 Md.App. 440, 688 A.2d 448, 455 (1996) (holding that actual malice is "an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and wilfully injure the plaintiff." (citing *Leese v. Baltimore County*, 64 Md.App. 442, 497 A.2d 159 (1985))).

Tinch's complaint does not adequately state that the officers acted with ill will, improper motivation, or without legal justification or excuse. He does not allege that they were acting outside the course of their official duties. Furthermore, because Tinch admits that the Mustang had been reported stolen, he cannot forecast sufficient evidence to prove his tort claims as he has agreed to facts that demonstrate that officers did not act with actual malice. The Defendants assert that law enforcement officers pointed their weapons at Tinch in compliance with the base procedures for a high risk stop. Paper No. 9, p. 4. Maryland law supports the use of firearms in stops of vehicles involving felonies. *See State v. Albrecht*, 336 Md. 475, 649 A.2d 336, 348–50 (1994) ("A police officer, on the other hand, is authorized and frequently obligated to threaten deadly force on a regular basis" (citing *Albrecht v. State*, 97 Md.App. 630, 632 A.2d 163, 169 (1993))); *Williams v. Prince George's County, Maryland*, 112 Md.App. 526, 685 A.2d 884, 893 (1996) ("[T]he law permits its enforcement officers to conduct [an armed felony stop] in order to protect the community from a dangerous offender"). As no actual malice is alleged or could be established by Tinch, he cannot prove an essential element of tort claims against law enforcement officers in Maryland. Accordingly, summary judgment is granted in favor of Defendants on the tort claims of Assault and Battery, Battery, and Malicious Prosecution and False Arrest.

**B. 42 U.S.C. § 1983 and Maryland Declaration of Rights**

■■■ Plaintiff's causes of action under 42 U.S.C. § 1983 and the Maryland Declaration of Rights, Articles 24 and 26, also fail. In the fifth count in his complaint, Tinch alleges that the United States Air Force deprived him of the following constitutional rights, in violation of 42 U.S.C. § 1983: "(a) Freedom from the use of excessive force and objectively unreasonable force; (b) Freedom from unreasonable search and seizure; (c) Freedom from the deprivation of liberty without due process of law; (d) Freedom from summary punishment; (e) The force applied by the defendants was objectively unreasonable; (f) Defendants subjected the plaintiff to these deprivations of his rights either maliciously, or with reckless disregard, of whether plaintiff's rights would be violated by the defendants actions." Paper No. 1. Section 1983 states that "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects ... any citizen of the United States ... to the deprivation of any rights ... shall be liable to the party injured". 42 U.S.C. § 1983 (1979) (emphasis added). The United States is not a person, thus Plaintiff cannot bring a suit under § 1983 against the United States. Further, "Section 1983 applies only to *state* officers acting under color of *state* law, and not to federal officers." *Rich v. United States*, 158 F.Supp.2d 619, 630 (D.Md.2001) (em-

phasis in original). All of the cases cited by the Plaintiff to support his contention that § 1983 is the proper remedy for federal officials involve conspiracy with state actors and are inapplicable to this set of facts, as no state officials were involved in the underlying action. Paper No. 17. A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Because Plaintiff is not entitled to relief under § 1983 against the Defendants, Plaintiff's claim for violations of § 1983 is dismissed for failure to state a claim under Rule 12(b)(6).

 Tinch has not shown that the United States and its officers in their official capacities have waived their sovereign immunity as to State constitutional claims. "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969)). *See also Meyer*, 510 U.S. at 475, 114 S.Ct. 996 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"). Tinch "bears the burden of demonstrating an unequivocal waiver of sovereign immunity." *Rich*, 158 F.Supp.2d at 630 (citing *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). Any waivers are strictly construed in favor of the United States. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). "Sovereign immunity deprives a court of jurisdiction to hear a case." *Global Mail Ltd. v. United States Postal Service*, 142 F.3d 208, 210 (4th Cir.1998). Accordingly, Plaintiff's claim under the Maryland Declaration of Rights must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## C. *Bivens* Action against the Officers in their individual capacities

 The only remaining claims are Fourth Amendment claims against the named officers in their individual capacities, alleging that the officers drawing their weapons was excessive and unlawful. Paper No. 17. *See Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 394–97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Although the named officers have not been served in their individual capacities, the parties briefed the threshold issues in the motion and opposition before the court. It is clear from the facts conceded by the Plaintiff that he will not be able to survive dispositive motions by the individual defendants so, therefore, summary judgment is granted in favor of the officers in their individual capacities. Probable cause was unquestionably established by the fact that the car was reported as stolen in the NCIC, thereby precluding the Fourth Amendment claim. The amount of force used in conducting the stop was reasonable, as the law clearly allows a police officer to draw his weapon when stopping a stolen car. *See Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (holding that reasonableness must be judged by paying attention in part to the severity of the crime at issue and from the perspective of a reasonable officer on the scene); *United States v. Taylor*, 857 F.2d 210, 213 (4th Cir.1988) (holding that "[b]locking the progress of [the] automobile with police vehicles and the [officers'] drawn weapons ... were well within the range of permissible police conduct" when a felony was suspected). Accordingly, summary judgment is entered in favor of Defendants in their individual capacities

on Plaintiff's remaining Fourth Amendment claims.

## IV. Conclusion

Summary judgment is granted in favor of Defendants as to Plaintiff's state tort claims for Assault and Battery, Battery, Malicious Prosecution and False Arrest, and Fourth Amendment claims against the individual named officers. Plaintiff's claims for Negligence, Intentional Infliction of Emotional Distress, and Violations of § 1983 and the Maryland Declaration of Rights are dismissed. A separate order will follow.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of March, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendants' Motion to Dismiss Plaintiff's claims for Negligence, Intentional Infliction of Emotional Distress, and Violations of 42 U.S.C. § 1983 and Maryland Declaration of Rights, Articles 24 and 26 BE, and the same hereby IS, GRANTED;

2. Defendants' Motion for Summary Judgment with respect to Plaintiff's tort claims for Assault and Battery, Battery, Malicious Prosecution and False Imprisonment, and Fourth Amendment claims BE, and the same hereby IS, GRANTED;

3. Plaintiff's Negligence, Intentional Infliction of Emotional Distress, 42 U.S.C. § 1983, and Maryland Declaration of Rights, Articles 24 and 26 claims against the United States of America, Senior Airman Shane R. Keenan, Sergeant Christopher Anglin, Sergeant Christopher Hall, and Staff Sergeant Kurt Bernhardt BE, and the same hereby ARE, DISMISSED;

4. Judgment BE, and the same hereby IS, ENTERED in favor of the United States of America, Senior Airman Shane R. Keenan, Sergeant Christopher Anglin, Sergeant Christopher Hall, and Staff Sergeant Kurt Bernhardt and against Ernest Tinch, Jr. with respect to Plaintiff's tort claims of Assault and Battery, Battery, Malicious Prosecution and False Imprisonment, and Fourth Amendment claims; and

5. The clerk is directed to transmit copies of the Memorandum Opinion and this Order to Plaintiff and to counsel for Defendants and CLOSE this case.