**Kevin HIGGINS, Plaintiff,**

v.

**FOOD LION, INC., Defendant.**

**No. CIV.A.AW–00–CV–2617.**

United States District Court,
D. Maryland,
Southern Division.

March 26, 2002.

Thomas McCarthy, Jr. of McCarthy and McCarthy LLC, Annapolis, MD, for Plaintiff.

Todd James Horn and Christine Pillsbury of Venable Baetjer and Howard LLP, Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

WILLIAMS, District Judge.

Plaintiff, Kevin Higgins, brought this action alleging that his former employer, De-

fendant Food Lion, Inc., owes him back-pay for hours worked "off the clock." Pending before the Court is Defendant's Motion for Summary Judgment. No hearing is deemed necessary. *See* Local Rule 105.6 (D.Md.). Finding no issues of material fact in dispute, the Court GRANTS Defendant's Motion for Summary Judgment.

*FACTUAL BACKGROUND*

Plaintiff was employed by Defendant between January 1996 and July 1997. On July 21, 2000, Plaintiff filed this action in the Circuit Court for Prince George's County, Maryland, alleging violations of state and federal employment law. In Count I, Plaintiff alleged that he was wrongfully discharged in violation of state common law. In Count II and III, Plaintiff alleged that he was not paid for work he completed in violation of the Maryland Wage and Hour Law, Md.Code Ann., Lab. & Empl. § 3–501 (hereinafter "Md. Wage Law") and the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA"). Defendant removed to this Court on August 29, 2000.

On January 23, 2001, this Court dismissed Plaintiff's wrongful discharge claim in Count I, reasoning that the statute of limitations had expired. *Higgins v. Food Lion,* AV–00–CV–2617, Mem. Op. (Jan. 23, 2001) (hereinafter *"Higgins"*). Indeed, the statute of limitations began to run in July 1997, and Plaintiff had not filed his complaint until three years later in July 2000. For the same reason, the Court limited, but did not outright dismiss, Plaintiff's federal and state claims under Counts II and III. Specifically, as to Count II, the Court ruled that Plaintiff could bring a claim under the Md. Wage Law for unpaid wages that should have been included in any paycheck issued to him in the three-years and two weeks prior to the filing of his Complaint. *Id.* at 7–8. With regard to

Count III, the Court limited Plaintiff's FLSA claim to any pay check issued to him on or after July 21, 1997. *Id.* at 5.

Here, the Court's summary judgment analysis is limited to determining whether Plaintiff can demonstrate any disputed issue of fact regarding the payment of unpaid wages for working off the clock during the relevant period. Defendant argues that Plaintiff's deposition testimony establishes that Plaintiff has no facts to support his allegations that he worked "off the clock" during the relevant period. In particular, Defendant directs the Court's attention to portions of the Plaintiff's deposition where Plaintiff states that he did not work at all for at least half of the relevant period, and when he did work, he did not work off the clock, or does not have records to show that he worked off the clock.

In response, Plaintiff argues that summary judgment is inappropriate because Defendant has not complied with all discovery requests and, consequently, evidence to illustrate a dispute of material fact remains in Defendant's possession. With particular reference to Count II, Plaintiff argues that, because the Court found that Plaintiff stated a valid claim for wages in the period of June and July 1997, he is entitled to wages for hours worked off the clock dating back over the "entire time-period in which he was employed at Food Lion, Inc." The Court addresses the merits of each claim below.

**II  DISCUSSION**

**A.**

In reviewing a motion for summary judgment, the court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine,* 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (citations

omitted). Rule 56(c) of the Federal Rules of Civil Procedure provides that the entry of summary judgment is proper, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 393 (4th Cir. 1994); *see LeBlanc v. Cahill*, 153 F.3d 134 (4th Cir.1998).

The absence of any admissible evidence to establish the claim is sufficient to shift the burden of production to the plaintiff. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); 10A *Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure* § 2729.1 (3d.1998). Once the burden has shifted, the evidentiary standard under Rule 56 rises to require the nonmoving party to "set forth specific facts showing there is a genuine issue for trial" by affidavit, depositions, answers to interrogatories, admissions, or other evidence that would be admissible at trial. Fed. R.Civ.P. 56(c), (56)(e). This burden is "particularly strong" where the nonmoving party also bears the burden of proof at trial. *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir.1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir.1990)). Moreover, while the supporting documentation filed with the motion need not be admissible at trial, the materials must show that the nonmoving party has access to admissible evidence for presentation at trial. *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548.

### 1. Count II—Md. Wage Law

■ To establish a claim for unpaid wages under Md. Wage Law a plaintiff is required to prove that, after termination, he was not timely paid for wages due for work he performed. *See* Md.Code Ann., Lab. & Empl. § 3–505;[1] *Admiral Mortgage, Inc. v. Cooper*, 357 Md. 533, 745 A.2d 1026, 1029–30 (2000). The statute provides a private cause of action to an employee against his employer if two weeks have elapsed from the date on which the employer was required to have paid the wages. Md Code Ann., Lab & Empl. Art. § 3.507.1;[2] *Admiral Mortgage*, 745 A.2d at 1029–30. This date generally begins the tolling of the statute of limitations. *Baltimore Harbor Charters, Ltd. v. Ayd*, 134 Md.App. 188, 759 A.2d 1091, 1100 (2000).

Because Plaintiff filed his Complaint on July 21, 2000, his Md. Wage Law claim is limited to paychecks that should have been or were issued on July 7, 1997 or later.[3] Plaintiff received two paychecks that fell

---

1. Section § 3–505 provides,

   **§ 3–505   Payment on termination of employment**

   Each employer shall pay an employee or the authorized representative of an employee all wages due for work that the employee performed before the termination of employment, *on or before the day on which the employee would have been paid the wages if the employment had not been terminated.* (Emphasis added).

2. Section § 3–507.1 provides,

   **§ 3–507.1. Action to recover unpaid wages**

   (a) *In general.*—Notwithstanding any remedy available under § 3–507 of this subtitle, if an employer fails to pay an employee in accordance with § 3–502 or § 3–505 of this subtitle, *after 2 weeks have elapsed from the date on which the employer is required to have paid the wages,* the employee may bring an action against the employer to recover the unpaid wages. (Emphasis added).

3. July 21, 2001, less three years and two weeks.

within this period. First, he received a paycheck on July 12, 1997, which compensated him for time he worked from June 29, 1997, through July 12, 1997. Second, he received a July 26, 1997 paycheck, which compensated him for time he worked between July 13, 1997, and July 26, 1997. Thus, Plaintiff's claim under the Md. Wage Law is limited to any uncompensated time he worked between June 29, 1997 and July 26, 1997.

■ Plaintiff has not produced sufficient evidence to establish a genuine issue for trial. First, Plaintiff admits that he does not specifically remember working off the clock on any dates from June 1, 1997, to the end of his employment. Second, Plaintiff admits that he has no admissible records to demonstrate that he worked off the clock. Indeed, during the latter portion of Plaintiffs employment at Food Lion, Plaintiff kept a notebook that he used to record events regarding unpaid wages. Plaintiff admits that the notebook does not contain any notes regarding unpaid wages or hours working off the clock for the relevant period. Third, Plaintiff can only point to two overnight shifts during the relevant period that he might have worked off the clock. That evidence is simply too tenuous to survive summary judgment.[4]

The Court disagrees with Plaintiff's broad view of Maryland law regarding back-pay for the entire time-period in which he was employed. Such a reading runs afoul to established Maryland statutory and case law. Section 5–101 of the Md.Code Ann., Cts. & Jud. Proc. Art. provides that "[a] civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Maryland's Labor & Employment Article does not contain a provision that establishes a statute of limitations beyond three years. If the Maryland Legislature had intended to allow for such a broad exception to the general statute of limitations, it would have explicitly done so.

### 2. *Count III—FLSA*

To establish a claim for unpaid wages under FLSA, a plaintiff must establish the amount and extent of his uncompensated work as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515(1946). Additionally, a plaintiff must show that the employer had actual or constructive notice of the fact that the uncompensated person was working without compensation. *Darrikhuma v. Southland Corp.*, 975 F.Supp. 778, 783 (D.Md.1997).

In its January 23, 2001 Opinion, the Court held, as a result of the applicable statute of limitations that, "Plaintiff can only recover the value of unpaid wages and overtime that were owed to him within the three-year period prior to filing the suit." *Higgins* at 5. That is, "Plaintiff could state a claim for compensatory and liquidated damages reflecting overtime compensation not paid to any paycheck issued after July

---

**4.** In opposition to Defendant's summary judgment motion, Plaintiff attached an affidavit, dated the same day as the opposition, in which he asserts that he now has a specific recollection of working off the clock on July 6, 1997, from 4:00 a.m. to 10:00 a.m. Based upon the facts of this case, the Court finds that such a recollection, alone, cannot be used to defeat the summary judgment motion, especially where it so clearly contradicts the Plaintiff's deposition testimony. *Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984); *Townley v. Norfolk & Western Ry. Co.*, 887 F.2d 498, 501 (4th Cir.1989)("[Plaintiff] may not use the contradictions in his own testimony to create an issue of fact for the jury").

21, 1997 in violation of the overtime provisions of the FLSA." *Id.* The only paycheck issued to Plaintiff after July 21, 1997, was issued on July 26, 1997. That paycheck included wages Plaintiff earned during the period of July 13 through July 26, 1997. As a result, Plaintiffs claim under FLSA is limited to any uncompensated working time from July 13 to July 26, 1997.[5]

As seen above, Plaintiff has no evidence to support a claim for unpaid wages. Further, Plaintiff admits that he was told at the time of his hire that Food Lion had a policy of not allowing employees to work off the clock, and that he knew this policy existed throughout his employment. Under these circumstances, Defendant's Motion for Summary Judgment with regard to Count III is GRANTED.

### B. *Discovery Requests*

Plaintiff's arguments regarding the failure to provide sufficient discovery lacks merit. Plaintiff points to several documents that he claims will show the dates and times he worked off the clock. First, Plaintiff asserts that records, stored in the Defendant's computer system—documenting when the store safe was opened and by whom—will demonstrate that Plaintiff worked during periods when he was "clocked-out." Similarly, Plaintiff requests records of the personnel who "rang up" purchases on the cash registers and the date and time of the transaction. He asserts that these persons will be able to provide testimony that Plaintiff worked off the clock. Finally, Plaintiff requests records showing who locked the store doors and when, and cash register tapes showing who closed and opened cash registers and when. He argues that, collectively and independently, these materials will illustrate a genuine dispute of fact.

Summary judgment may only be granted after the nonmoving party has had "adequate time for discovery." *Celotex Corp., supra,* 477 U.S. at 322, 106 S.Ct. 2548. However, "a party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit." *Nguyen v. CNA Corp.,* 44 F.3d 234, 242 (4th Cir.1995) (internal quotations omitted). Plaintiff is required to, "focus [the Court's] attention on an affidavit ... that particularly specifies legitimate needs for further discovery." *Nguyen,* 44 F.3d at 242; *Tinch v. U.S.* 2002 WL 392057 (D.Md.2002).

The Court finds no legitimate need to extend discovery. Defendant states that it has provided all relevant documents to Plaintiff and that, as a matter of customary business practice, records from the safe and cash registers are destroyed approximately 90 days after they are created. Defendant also states that it does not have any records of the doors being locked at the relevant Food Lion store, or during the relevant period, because that store operated 24-hours per day when Plaintiff was employed. Defendant also produced to Plaintiff on June 14, 2001, a list of Food Lion employees employed in July 1997 at the relevant store. Finding that Defendant has adequately responded to Plaintiff's discovery requests pursuant to Fed. R.Civ.P. 26(b)(1) and (2), that Plaintiff's have had sufficient time to conduct discovery, and that additional time for discovery will not yield any additional evidence, the

---

5. The only difference between Plaintiff's Md. Wage Law Claim and his FLSA claim is that his remaining claims under the Md. Wage Law also include time that he worked and was not compensated for, if any, in his paycheck issued on July 12, 1997.

**370**

GRANTS Defendant's Motion for Summary Judgment.

### ORDER

UPON CONSIDERATION of the arguments made in support of, and opposition to Defendant's Motion for Summary Judgment, IT IS this 26th day of March, 2002 by the United States District Court for the District of Maryland, hereby **ORDERED**:

1. That Defendant's Motion for Summary Judgment [20–1] BE, and the same hereby IS **GRANTED**;

2. That the Clerk of the Court **CLOSE** this case.

3. That the Clerk of the Court mail copies of this Order to all counsel of record.